961 F.2d 836
 UNITED STATES of America, Plaintiff-Appellee,
v.
Javier Aaron DABDOUB-CANEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco Pable CORTEZ-ESPINOZA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Guillermo SOTO-ESQUER, Defendant-Appellant.
 Nos. 91-10219, 91-10231 and 91-10309.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 12, 1992.
Decided April 9, 1992.
 
 Harriette P. Levitt, Robb P. Holmes, and Manuel H. Garcia, Tucson, Ariz., for defendants-appellants.
 Charles S. Sabalos, Asst. U.S. Atty., Tucson, Ariz., for plaintiff-appellee.
 Appeal from the United States District Court for the District of Arizona.
 Before: REINHARDT, NOONAN, and THOMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Javier Aaron Dabdoub-Canez (Canez) was convicted of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846, and possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Because Canez's possession conviction involved more than five kilograms of cocaine, the district court was required to sentence him to a mandatory minimum ten-year prison term. 21 U.S.C. § 841(b)(1)(A)(ii)(II).[1]
 
 
 2
 The district court sentenced Canez to a similar ten-year term for his conspiracy conviction. Canez appeals this portion of his sentence, arguing that the mandatory minimum penalties established under section 841 for possession convictions do not also apply to conspiracy convictions under section 846. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 Prior to 1988, section 846 provided:
 
 3
 Any person who ... conspires to commit any offense in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the ... conspiracy."
 
 
 4
 21 U.S.C. § 846 (emphasis added). This provision allowed a sentencing court to impose a punishment less than the mandatory minimum required for the corresponding substantive offense. See, e.g., United States v. Maree, 934 F.2d 196, 200-01 (9th Cir.1991) (Prior to 1988, "there was no minimum sentence applicable" to a conspiracy conviction under section 846).
 
 
 5
 The Anti-Drug Abuse Act of 1988, Pub.L. 100-690, Title VI, § 6470(a), 102 Stat. 4377 (1988), amended section 846 to read:
 
 
 6
 Any person who ... conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the ... conspiracy.
 
 
 7
 21 U.S.C. § 846 (emphasis added). "[T]he intent of the amendment was to 'make clear that any penalty that may be imposed for a substantive drug offense may be imposed for [a] conspiracy to commit that offense.' " United States v. Montoya, 891 F.2d 1273, 1293 n. 25 (7th Cir.1989) (quoting 134 Cong.Rec. S17,366 (daily ed. Nov. 10, 1988)).
 
 
 8
 In deciding a case very similar to ours, the Sixth Circuit recently held that, in light of Congress' clear intent in amending section 846, the mandatory minimum penalties established under section 841 apply with equal force to related offenses under section 846. United States v. Hodges, 935 F.2d 766, 771 (6th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 317, 116 L.Ed.2d 259 (1991). This position has been echoed by a number of other circuits. See United States v. Laetividal-Gonzalez, 939 F.2d 1455, 1459 (11th Cir.1991), cert. denied sub nom. Ocampo v. United States, --- U.S. ----, 112 S.Ct. 1280, 117 L.Ed.2d 505 (1992); United States v. McNeese, 901 F.2d 585, 602 n. 6 (7th Cir.1990).
 
 
 9
 We agree with these cases and therefore conclude that a conspiracy conviction under section 846 carries with it the same mandatory minimum sentence as a conviction for the corresponding substantive offense under section 841. As a result, the district court did not err in sentencing Canez to ten years in prison for his conspiracy conviction.
 
 AFFIRMED.[2]
 
 
 [1]
 This section provides, in relevant part:
 Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:
 (1)(A) In the case of a violation of subsection (a) of this section involving--
 (ii) 5 kilograms of more of a mixture or substance containing a detectable amount of--
 (II) cocaine, its salts, optical and geometric isomers, and salts of isomers,
 such person shall be sentenced to a term of imprisonment which may not be less than 10 years....
 
 
 [2]
 Canez and his co-appellants raised a number of other issues in their appeal. We have resolved those issues in an unpublished memorandum disposition filed this date