976 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Ricardo GALVIS-QUINTERO, Defendant/Appellant.
 No. 91-10018.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 23, 1992.
 
 Before CHOY, CYNTHIA HOLCOMB HALL and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ricardo Galvis-Quintero appeals from his sentence after conviction under 21 U.S.C. § 846. Finding his claims lack merit, we affirm.
 
 
 3
 Galvis-Quintero was indicted along with four codefendants on November 9, 1989 for conspiracy to distribute and to possess cocaine in violation of § 846. On January 25, 1990 the grand jury returned a superseding indictment charging Galvis-Quintero with conspiracy under § 846 and with distribution of approximately twenty kilograms of cocaine in violation of 21 U.S.C. § 841.
 
 
 4
 On February 5, 1990, pursuant to § 851, the government filed an information alleging that Galvis-Quintero had a prior felony conviction in state court and that his sentence therefore was subject to enhancement under 21 U.S.C. § 841(b)(1)(A) & (B). In the Municipal Court of Los Angeles on April 3, 1985, Galvis-Quintero entered a plea of no contest, i.e. guilty, to state charges that he committed a felony when he willfully and unlawfully transported and imported cocaine into California. On May 1, 1985 in the Superior Court of Los Angeles County, Galvis-Quintero was sentenced to three years probation, ordered to commit himself to a treatment center for one year, to register as a certified substance abuser, and to pay a $100 fine.
 
 
 5
 On April 26, 1990, pursuant to a plea agreement, Galvis-Quintero pleaded guilty to the federal conspiracy charge. Prior to sentencing, he moved the district court to declare § 851 unconstitutional and to strike his prior state court conviction. On January 4, 1991 the court orally denied the motions and on January 10th it entered a written order confirming that denial.
 
 
 6
 Galvis-Quintero first argues that § 851[1] violates the equal protection component of the Due Process Clause of the Fifth Amendment by affording the government the discretion to select arbitrarily from a group of similarly situated defendants who have prior convictions--here between Galvis-Quintero and codefendant Nelson Magana--those for whom it will file an information alleging prior convictions thereby initiating the process resulting in a mandatory minimum sentence under 21 U.S.C. § 841.[2]
 
 
 7
 As Galvis-Quintero admits in his reply brief, United States v. Kidder, 869 F.2d 1328 (9th Cir.1989)--a case he neglected to cite in his opening brief--essentially disposes of this argument. The Kidder court held that, in order to make out an equal protection claim, the defendant must show that he or she was selected for prosecution under the mandatory minimum sentence statute "on the basis of an impermissible ground such as race, religion or exercise of ... constitutional rights," and that the selective prosecution was motivated by a discriminatory purpose. Id. at 1336 (citation omitted); United States v. Redondo-Lemos, 955 F.2d 1296, 1301 (9th Cir.1992) (purposeful distinctions based on race, religion, sex, or similar characteristic are actionable). The court noted that "prosecutors possess wide discretion in deciding 'whether or not to prosecute, and what charge to file or bring before a grand jury,' [and that] ... 'conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." Id. (citations & quotations omitted).
 
 
 8
 Because Galvis-Quintero neither alleges that the government chose to file the § 851 information based upon an impermissible ground nor points to any facts indicating that the government had a purposefully discriminatory motive in filing the § 851 information regarding his prior conviction,[3] his equal protection claim is without merit.
 
 
 9
 Second, Galvis-Quintero urges that § 841 violates his due process rights under the Fifth Amendment because it does not afford the sentencing judge discretion to adjust the sentence below the mandatory minimum. This contention not only lacks merit, but is frivolous.
 
 
 10
 We repeatedly have upheld mandatory minimum sentences as not violating due process even though such schemes deprive the district court of discretion to sentence below the mandatory statutory minimum. Id. at 1334-35; United States v. Wilkins, 911 F.2d 337, 339 (9th Cir.1990); see also United States v. Klein, 860 F.2d 1489, 1499-1500 (9th Cir.1988) (§ 841(b)(1)(B) does not violate separation of powers doctrine by usurping judicial sentencing discretion and delegating it to the Executive branch). Criminal defendants do not have a constitutional right to individualized sentences and Congress is free to set fixed mandatory sentences for particular offenses. Wilkins, 911 F.2d at 339 (citations omitted); United States v. Barker, 771 F.2d 1362, 1365 (9th Cir.1985); see also Mistretta v. United States, 488 U.S. 361, 364 (1989) (in the noncapital context "the scope of judicial discretion with respect to a sentence is subject to congressional control").[4]
 
 
 11
 Galvis-Quintero next argues that the district court improperly imposed the minimum mandatory sentence under § 841(b) because the minimum sentence provisions of that section only apply to a defendant convicted of the substantive offense under that section and not to defendants, like himself, who are convicted of conspiracy under 21 U.S.C. § 846.[5]
 
 
 12
 We recently settled this question in United States v. Dabdoub-Canez, 961 F.2d 836 (9th Cir.1992), a case decided after briefing in this case. In a per curiam opinion, we followed the lead of three other circuits in holding that "a conspiracy conviction under section 846 carries with it the same mandatory minimum sentence as a conviction for the corresponding substantive offense under section 841." Id. at 838.[6]
 
 
 13
 Galvis-Quintero also argues that imposition of a twenty-year mandatory minimum sentence under § 841 violates the Eighth Amendment's prohibition against cruel and unusual punishment because it precludes the district court from taking into account the mitigating fact that he was convicted of conspiracy under § 846, rather than of the substantive offense under § 841, and because it is disproportionate to the crime he committed.
 
 
 14
 It is well-settled that individualized sentences only are required in capital cases and that it is not cruel and unusual punishment under the Eighth Amendment for mandatory minimum sentences to be given without consideration of mitigating circumstances. Harmelin v. Michigan, 111 S.Ct. 2680, 2701-02 (1991); United States v. LaFleur, 952 F.2d 1537, 1547 (9th Cir.1991). Galvis-Quintero's argument on this ground fails.
 
 
 15
 Galvis-Quintero's proportionality argument suffers the same fate. "Outside the context of capital punishment, successful challenges to the proportionality of particular offenses [are] exceedingly rare." Solem v. Helm, 463 U.S. 277, 289-90 (1983) (quotation omitted). Generally, as long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds. United States v. McDougherty, 920 F.2d 569, 576 (9th Cir.1990), cert. denied, 111 S.Ct. 1119 (1991). "[T]he fixing of prison terms for specific crimes involves a substantive penological judgment that, as a general matter, is 'properly within the province of legislatures, not courts.' " Harmelin, 111 S.Ct. at 2703 (quoting Rummel v. Estelle, 445 U.S. 263, 275-76 (1980)). Reviewing courts, therefore, "should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes." Solem, 463 U.S. at 290; Harmelin, 111 S.Ct. at 2703-04; see also Rummel, 445 U.S. at 274. Congress's determination that the penalties imposed for attempt or conspiracy under § 846 should be the same as those for § 841 substantive offenses--a decision reflecting its judgment that the crimes of attempt and conspiracy are equally grave as the substantive offenses of possession and distribution--is a judgment entitled to substantial deference.
 
 
 16
 We have held on numerous occasions that the mandatory minimum sentences required by § 841 do not constitute cruel and unusual punishment under the Eighth Amendment. See, e.g., United States v. Van Winrow, 951 F.2d 1069, 1070-71 (9th Cir.1991); United States v. Browlie, 915 F.2d 527, 527-28 (9th Cir.1990); Kidder, 869 F.2d at 1333-34. Most notably, in Browlie we upheld a twenty-year sentence of imprisonment imposed under § 841 for possession with intent to distribute five kilograms of cocaine as not cruel and unusual. Browlie, 915 F.2d at 528. Here, Galvis-Quintero not only was party to a conspiracy involving fifteen to fifty kilograms of cocaine but the district court also found he was a "manager/supervisor" of that conspiracy. Given these facts and our prior Eighth Amendment holdings with respect to § 851, we cannot say that Galvis-Quintero's sentence here was grossly disproportionate. See United States v. Bland, 961 F.2d 123, 129 (9th Cir.1992), petition for cert. filed, (U.S. June 18, 1992) (No. 91-8722) (citing Harmelin, 111 S.Ct. at 2707) (Kennedy, J. concurring)).
 
 
 17
 Finally, Galvis-Quintero's argument that the United States Sentencing Commission's Sentencing Guidelines repealed the minimum sentences set out in § 851 is unavailing. United States v. Williams, 939 F.2d 721, 725-27 (9th Cir.1991) (Guidelines did not impliedly repeal mandatory minimum sentences under § 851).
 
 
 18
 For these reasons, Galvis-Quintero's sentence is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 851 provides in pertinent part that: "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court ... stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851
 
 
 [2]
 Section 841 provides in pertinent part that:
 If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less that 20 years and not more that life imprisonment.... For the purposes of this subparagraph, the term "felony drug offense" means an offense that is a felony under any provision of this title of any other Federal law that prohibits or restricts conduct relating to narcotic drugs, marijuana, or depressant or stimulant substances or a felony under any law of a State....
 21 U.S.C. § 841(b) (emphasis added).
 
 
 [3]
 The disparate treatment of the two defendants apparently resulted because Magana cooperated in the government's investigation and Galvis did not
 
 
 [4]
 By the same token, Galvis-Quintero's argument that the district court erred in failing to exercise its alleged inherent discretion to disregard the legislatively mandated minimum sentences under § 841 and to impose a shorter sentence after considering mitigating factors is meritless. The district court possessed no such inherent power to usurp the legislative prerogative. "As with other federal crimes containing mandatory minimum sentences, the district court is permitted to vary the sentence imposed after considering mitigating and aggravating circumstances, limited only by an expressly prescribed and proportionate minimum sentence." Klein, 860 F.2d at 1490 (emphasis added)
 
 
 [5]
 Section 846 provides that, "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Id
 
 
 [6]
 Galvis-Quintero also makes a weak attempt claim that the California conviction alleged in the government's information never became final and that it therefore cannot form the basis of a prior conviction enhancement under § 841. We refuse to address this contention because under Rule 28(a)(4) of the Federal Rules of Appellate Procedure the brief of the appellant must contain "the contentions of the appellant with respect to the issues presented, and the reasons therefor...." Fed.R.App.P. 28(a)(4). Issues raised in the brief that are not supported by argument are deemed abandoned. United States v. Loya, 807 F.2d 1483, 1486-87 (9th Cir.1987) (citing IOB v. Los Angeles Brewing Co., 183 F.2d 398, 401 (9th Cir.1950)). Galvis-Quintero's cursory statement falls under this rule