978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hugo HERRERA-MATUS, Petitioner-Appellant,
v.
Clifton FLOYD, Warden, Respondent-Appellee.
 No. 92-55333.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1992.*
Decided Oct. 29, 1992.
 
 Before SNEED, BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hugo Herrera-Matus, a federal prisoner, appeals pro se the district court's denial of his habeas petition. He contends that prison authorities erroneously denied him the opportunity to appear before the United States Parole Commission to demonstrate his eligibility for parole.[1] We review the district court's decisions on habeas petitions de novo. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988). We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.
 
 
 3
 A conspiracy conviction under 21 U.S.C. § 846 carries with it the same mandatory minimum sentence as a conviction for the corresponding substantive offense under 21 U.S.C. § 841. United States v. Dabdoub-Canez, 961 F.2d 836, 838 (9th Cir.1992) (per curiam). Herrera-Matus was convicted of the offense of conspiracy to possess a controlled substance with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Effective November 1, 1987, the United States Sentencing Guidelines govern the sentencing of federal criminals for offenses committed on or after November 1, 1987. United States v. Gray, 876 F.2d 1411, 1418 (9th Cir.1989), cert. denied, 495 U.S. 930 (1990). Herrera-Matus was sentenced on July 18, 1988 for an offense committed on January 8, 1988, and is therefore subject to the Sentencing Guidelines.
 
 
 4
 Under the Sentencing Guidelines, a federal criminal defendant sentenced after November 1, 1987 for an offense committed after November 1, 1987 is no longer eligible for parole. Sentencing Reform Act of 1984, Pub.L. No. 98-473; see Stange v. United States Parole Commission, 875 F.2d 760, 761 (9th Cir.1989).
 
 
 5
 Therefore, Herrera-Matus is not eligible for parole and the district court properly denied Herrera-Matus' habeas petition.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Herrera-Matus argues that the Sentencing Guidelines were not made applicable to conspiracy convictions until November 18, 1988 and therefore he is eligible for parole. This contention is meritless. Prior to 1988, section 846 provided:
 "Any person who ... conspires to commit any offense in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the ... conspiracy."
 21 U.S.C. § 846 (emphasis added). This provision simply allowed a sentencing court to impose a punishment less than the mandatory minimum required for the corresponding substantive offense. See, e.g., United States v. Maree, 934 F.2d 196, 200-01 (9th Cir.1991) (prior to 1988, "there was no minimum sentence applicable" to a conspiracy conviction under section 846).
 The Anti-Drug Abuse Act of 1988, Pub.L. 100-690, Title VI, § 6470(a), 102 Stat. 4377 (1988), amended section 846 to read:
 "Any person who ... conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the ... conspiracy."
 21 U.S.C. § 846 (emphasis added). "[T]he intent of the amendment was to 'make clear that any penalty that may be imposed for a substantive drug offense may be imposed for [a] conspiracy to commit that offense.' " Dabdoub-Canez, 916 F.2d 836, 837 (9th Cir.1992) (per curiam) (quotations omitted) (quoting United States v. Montoya, 891 F.2d 1273, 1293 n. 25 (7th Cir.1989)).