26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Greg McCAULEY, Defendant-Appellant.
 No. 93-10519.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 1, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Greg McCauley appeals his 150-month sentence following entry of a guilty plea to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846. Pursuant to Anders v. California, 386 U.S. 738 (1967), McCauley's counsel filed a motion to withdraw as counsel of record and submitted a brief identifying four possible issues for review: Whether mandatory minimum sentences based on drug quantities (1) constitute cruel and unusual punishment, (2) violate the doctrine of separation of powers, (3) violate due process and equal protection of the law, and (4) are inapplicable to convictions for conspiracy. McCauley claims in his pro se supplemental brief that the Sentencing Guidelines violate the constitutional doctrine of the separation of powers.[1] We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm the district court's judgment and grant counsel's motion to withdraw.
 
 
 3
 Contrary to the implication of counsel's arguments, McCauley was not given a statutory mandatory minimum sentence. He was sentenced based on the Sentencing Guidelines, which resulted in a significantly greater sentence than the applicable statutory minimum sentence. Because resolution of counsel's claims would not affect McCauley's sentence, we need not address the issues raised by counsel.[2] See United States v. Fuentes, 925 F.2d 1191, 1193 (9th Cir.1991) (per curiam) (declining to address alleged sentencing error where resolution would not impact sentence).
 
 
 4
 As to McCauley's claim that the Sentencing Guidelines violate the doctrine of the separation of powers, the Supreme Court in Mistretta v. United States, 488 U.S. 361, 380-412 (1989), considered and rejected the same arguments that McCauley raises in his pro se supplemental brief. See also United States v. Belgard, 894 F.2d 1092, 1095 (9th Cir.), cert. denied, 498 U.S. 860 (1990).
 
 
 5
 The motion of counsel to withdraw is GRANTED and the judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no further issues for review
 
 
 [2]
 In any event, counsel's claims fail. See Chapman v. United States, 500 U.S. 453, 111 S.Ct. 1919, 1927-28 (1991) (quantity-based mandatory minimum sentencing scheme does not violate due process or equal protection); United States v. Savinovich, 845 F.2d 834, 839 (9th Cir.) (same), cert. denied, 488 U.S. 943 (1988); United States v. Hoyt, 879 F.2d 505, 514 (9th Cir.) ("The penalty provisions of 21 U.S.C. Sec. 841(b)(1)(A) ... do not constitute cruel and unusual punishment."), amended, 888 F.2d 1257 (1989); United States v. Kinsey, 843 F.2d 383, 393 (9th Cir.) (21 U.S.C. Sec. 841(b)(1)(A) does not violate doctrine of separation of powers), cert. denied, 487 U.S. 1223, and cert. denied, 488 U.S. 836 (1988); United States v. Dabdoub-Canez, 961 F.2d 836, 837-38 (9th Cir.1992) (mandatory minimum sentence provisions of 21 U.S.C. Sec. 841(b) apply to conspiracy convictions involving offenses related to those in 21 U.S.C. Sec. 841(a))