53 F.3d 340
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Javier Aaron DABDOUB-CANEZ, Defendant-Appellant.
 No. 93-17329.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 17, 1995.
Decided April 14, 1995.
 
 Before: FLETCHER, REINHARDT, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Javier Aaron Dabdoub-Canez appeals the district court's denial of his motion to vacate his 120-month sentence for conspiracy to possess and possession of more than five kilograms of cocaine. He claims that his right to Due Process was violated by the trial court's failure to determine whether he had been shown his presentence report or had discussed the report with his attorney prior to sentencing. He also seeks an evidentiary hearing to determine whether he received ineffective assistance of counsel. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 BACKGROUND
 
 3
 On February 7, 1991, Dabdoub-Canez was convicted by a jury of two counts of conspiracy to possess with intent to distribute and possession with intent to distribute of approximately 10 kilograms or more of cocaine, in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(A)(ii)(II). The government concedes that the district court failed to determine at sentencing whether Dabdoub-Canez had seen his presentence report (PSR) or discussed it with his attorney, as required by Fed.R.Crim.P. 32(a)(1)(A).
 
 
 4
 Dabdoub-Canez was sentenced to 120 months in prison and 60 months of supervised release on each count, to run concurrently. His conviction and sentence were affirmed on direct appeal. United States v. Dabdoub-Canez, No. 91-10219 (9th Cir. April 9, 1992); United States v. Dabdoub-Canez, 961 F.2d 836 (9th Cir.1992).
 
 
 5
 Pursuant to 28 U.S.C. Sec. 2255, Dabdoub-Canez filed a motion to vacate his sentence based on the Rule 32(a)(1)(A) violation. The district court denied the pro se petition, holding that the violation was harmless error.
 
 
 6
 Dabdoub-Canez, now represented by counsel, appeals. In addition to seeking a new sentencing proceeding because of the Rule 32(a)(1)(A) violation, he claims that the district court erred in denying his request for an evidentiary hearing and that he received ineffective assistance of counsel at sentencing.
 
 DISCUSSION
 1. Rule 32(a)(1)(A) Violation
 
 7
 We review the district court's denial of a 28 U.S.C. Sec. 2255 motion de novo. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). Findings of fact are reviewed for clear error. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991).
 
 
 8
 Under Fed.R.Crim.P. 32(a)(1)(A), the sentencing court must "determine that the defendant and defendant's counsel have had the opportunity to read and discuss the presentence investigation report...." The government concedes that the sentencing court failed to make this determination.[1] For purposes of this appeal we will assume that the defendant had no such opportunity. However, a defendant is not entitled to resentencing because of a Rule 32(a)(1)(A) violation if the error was harmless. United States v. Sustaita, 1 F.3d 950, 954 (9th Cir.1993); see also United States v. Davila-Escovedo, 36 F.3d 840, 844 (9th Cir.1994), cert. denied, 130 L.Ed.2d 896 (1995) (violation of Rule 32(a)(1)(A) may be excused "if it is clear that no prejudice resulted").
 
 
 9
 Dabdoub-Canez cannot demonstrate that he was prejudiced by not having seen his PSR before sentencing. Because he received the statutory minimum sentence for possession and conspiracy of at least five kilograms of cocaine under 21 U.S.C. Sec. 841(b)(1)(A),[2] he could show prejudice only by challenging the amount of cocaine involved in the conspiracy or in his possession. While he has made legal objections to the amount of cocaine,[3] he has not identified to the district court or to this court any facts in the PSR that might be erroneous.
 
 
 10
 Dabdoub-Canez complains that he has been unable to do so because the district court did not hold an evidentiary hearing. He argues that an indigent pro se defendant should not be required to establish prejudice without an evidentiary hearing.
 
 
 11
 We disagree. Dabdoub-Canez now has a lawyer and, presumably, has read the PSR. While he need not conclusively demonstrate prejudice, he must point to specific factual inaccuracies in the PSR that could affect his sentence. Because his indictment specifically charged him with possession of 10 kilograms of cocaine, he had ample opportunity to contest the amount of cocaine at trial, at sentencing, and on direct appeal. Yet, in each of these proceedings he has apparently conceded possession of 9.9 kilograms of a cocaine mixture, and has contended only that his conviction and sentence should be based upon the 2.77 kilograms of pure cocaine within that mixture.
 
 
 12
 Because Dabdoub-Canez has not raised a claim of any specific prejudice that he suffered as a result of the Rule 32(a)(1)(A) violation, the violation was harmless error. United States v. Davila-Escovedo, 36 F.3d at 844.
 
 2. Evidentiary Hearing
 
 13
 A district court's decision whether or not to hold an evidentiary hearing is reviewed for abuse of discretion. United States v. Blaylock, 20 F.3d 1458, 1464 (9th Cir.1994). The court must grant a hearing on a habeas petition unless, accepting the truth of the petitioner's factual allegations, the petitioner could not have prevailed on his claim. Id. at 1465.
 
 
 14
 As discussed above, Dabdoub-Canez has not identified any facts in the PSR that he would dispute in a hearing. A petitioner need not detail his evidence, but he must make specific factual allegations that, if true, would entitle him to relief. Baumann v. United States, 692 F.2d 565, 571 (9th Cir.1982). Because Dabdoub-Canez has made no factual allegations that, if true, would entitle him to relief, the district court did not abuse its discretion in failing to hold an evidentiary hearing.
 
 3. Ineffective Assistance of Counsel
 
 15
 Whether a defendant received ineffective assistance of counsel is a legal question reviewed de novo. Sanders, 21 F.3d at 1451. To prevail on an ineffective assistance claim, a petitioner must show that (1) counsel's performance fell outside the wide range of professional competence, and (2) the defendant was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687-90 (1984). As discussed above, Dabdoub-Canez has failed to allege prejudice, even if he could demonstrate that his attorney's performance was incompetent. Thus, he has not demonstrated ineffective assistance of counsel.
 
 CONCLUSION
 
 16
 The district court did not err in denying Dabdoub-Canez's motion to vacate his sentence because of a Rule 32(a)(1)(A) violation, because Dabdoub-Canez cannot show that he was prejudiced as a result of the violation. The court did not err in failing to hold an evidentiary hearing on the issue of prejudice because Dabdoub-Canez has not alleged any factual errors in the PSR that, if proven, would change the outcome of sentencing. Because Dabdoub-Canez has failed to show how he was prejudiced by not reading the PSR or discussing it with his attorney before sentencing, his attorney's failure to show him the PSR or discuss it with him before sentencing did not constitute ineffective assistance of counsel. The district court's denial of Dabdoub-Canez's motion to vacate his sentence is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government contends that because Dabdoub-Canez did not raise this argument on direct appeal, it is waived. However, because the government did not argue before the district court that the claim was barred, the government has waived this argument, and Dabdoub-Canez has not waived this claim
 
 
 [2]
 A district court may depart downward from a mandatory minimum sentence only upon a motion by the Government. 18 U.S.C. Sec. 3553(e). The Government made no such motion
 
 
 [3]
 At sentencing, Dabdoub-Canez's attorney contended that Dabdoub-Canez should be sentenced only for the net amount of cocaine found in his house, or 2.77 ounces. This argument was rejected by the trial court and on appeal, and is contrary to the law of this circuit. See United States v. Hoyt, 879 F.2d 505, 512 (9th Cir.1989) (sentences should be based upon gross rather than net weight of cocaine)