112 F.3d 517
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney BROWNING, Defendant-Appellant.
 No. 96-50087.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 24, 1997.
 
 Before BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodney Browning, a federal prisoner, appeals pro se the district court's denial of his Fed.R.Crim.P. 35(a) motion to correct his pre-Guidelines life sentence. Browning contends that the district court erred by imposing a sentence that exceeded the statutory maximum provided by the relevant statute and violated the Ex Post Facto Clause of the constitution. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We review de novo the legality of a sentence, see United States v. George, 56 F.3d 1078, 1084 (9th Cir.1995), and we affirm.
 
 I. Legality of Sentence
 
 3
 Browning contends that the district court erroneously sentenced him according to the maximum penalties prescribed under the 1986 amended version of 21 U.S.C. § 841(b)(1), because his crimes occurred before the new penalties became applicable to violators of 21 U.S.C. § 846. He also argues that the rule of lenity applies because it was unclear which version of section 841(b)(1) was used to sentence section 846 offenders, prior to the 1988 amendment of section 846. We disagree.
 
 
 4
 Section 846 provides that persons who attempt or conspire to commit drug offenses listed in Subchapter I--Control and Enforcement are subject to all penalties prescribed for the underlying offense. See 21 U.S.C. § 846 (1991); United States v. Dabdoub-Canez, 961 F.2d 836, 837 (9th Cir.1992) (per curiam). Section 841 provides for a maximum penalty of life imprisonment for distributing 5 kilograms or more of cocaine powder or 50 grams of cocaine base. See 21 U.S.C. § 841(b)(1)(A)(II) (1991); United States v. Meyers, 847 F.2d 1408, 1414 (9th Cir.1988) (provisions of the Narcotics Penalties and Enforcement Act of 1986 became effective immediately on October 27, 1986 in case where defendant violated 21 U.S.C. § 841). The rule of lenity does not apply to unambiguous statutes. See United States v. Valencia-Andrade, 72 F.3d 770, 774-75 (9th Cir.1995).
 
 
 5
 Here, the district court found that Browning was properly sentenced under the amended version of section 841(b)(1) because Congress necessarily amended section 846 to include application of section 841(b)(1)'s new penalties, since the statutes are intertwined.
 
 
 6
 Because we have determined that the amended penalties provided in section 841(b) are applicable in cases where the defendant violated section 846 and was sentenced after October 27, 1986, see Meyers, 847 F.2d at 1414, and because Browning does not cite any legal authority which requires Congress to expressly amend the general conspiracy statute before district courts can apply amended penalties, the district court did not err by finding that section 846 was implicitly amended to include the new maximum penalties of section 841. See George, 56 F.3d at 1084. Additionally, the rule of lenity does not apply because section 846 clearly states that Browning is subject to the maximum penalties provided in section 841. See 21 U.S.C. § 846 (Supp.1997); Valencia-Andrade, 72 F.3d at 774-75.
 
 II. Ex Post Facto Claim
 
 7
 Browning contends that sentencing him to a life term violates the Ex Post Facto Clause because the amendment to section 846 was not effective until 1988. This contention lacks merit.
 
 
 8
 Because we previously determined that section 846 was necessarily amended to include application of section 841(b)(1)'s new penalties, Browning's claim fails. Moreover, the purpose of amending section 846 was to make clear that offenders were subject to all penalties imposed for the substantive drug offense, not just terms of imprisonment and fines. See Dabdoub-Canez, 961 F.2d at 838. Accordingly, the district court did not violate the Ex Post Facto Clause by applying section 841(b)(1)'s amended penalties to Browning's case. Cf. United States v. Kohl, 972 F.2d 294, 297-98 (9th Cir.1992) (a defendant who commits overt acts in furtherance of a conspiracy after the effective date of guidelines cannot escape sentencing under them).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3