NOT FOR PUBLICATION

# FILED

UNITED STATES COURT OF APPEALS

MAR 6 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10002 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-00708-FJM-3 |
| v. | MEMORANDUM[*] |
| FRANCISCO MONTES-VARGAS, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Argued and Submitted February 13, 2017
San Francisco, California

Before: CANBY, SILER[**], and HURWITZ, Circuit Judges.

Francisco Montes-Vargas appeals his conviction and sentence on two drug charges. We affirm the conviction, but vacate the sentence and remand for resentencing.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

1.      We review Montes-Vargas's objections to Agent Nack's testimony for plain error because Montes-Vargas failed to object to any of the challenged testimony below.  *United States v. Lopez-Martinez*, 543 F.3d 509, 514 n.2 (9th Cir. 2008) (citing *United States v. Sherwood*, 98 F.3d 402, 408 (9th Cir. 1996)).

2.      Assuming without deciding that an error occurred, Montes-Vargas cannot prove that it "seriously affect[ed] the fairness, integrity, or public reputation of [the] judicial proceedings."  *United States v. Cotton*, 535 U.S. 625, 631 (2002). Montes-Vargas's defense was based solely on the identity of the drug dealer "Pastas."  Agent Nack's testimony interpreting telephone conversations between Montes-Vargas and his wife did not provide evidence that Montes-Vargas was indeed "Pastas." Montes-Vargas's mistaken-identity defense was countered through eyewitness identification testimony of two surveillance agents, voice identification made by two other witnesses, and Montes-Vargas's statements during jail calls.  *See, e.g., United States v. Freeman*, 498 F.3d 893, 905–06 (9th Cir. 2007) (holding any error harmless because the agent's testimony was adequately corroborated by other trial evidence).

3.      An instruction explaining Agent Nack's dual role as both an expert and a lay witness was not required because there was a clear demarcation between the testimonies.  *See Freeman*, 498 F.3d at 904 ("demarcation between lay and expert testimony" may "be revealed through direct or cross examination").

4.     The Government admits that the Presentence Investigation Report incorrectly attributed 30 pounds of methamphetamine to Montes-Vargas when the parties stipulated to 24.5 pounds, which caused the district court to calculate a higher Guidelines range than it would have with the correct information. This "mistake in calculating the recommended Guidelines sentencing range is a significant procedural error that requires us to remand for resentencing." *United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011); *see also Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016) ("When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error."). We remand on an open record, and decline to consider in the first instance whether the district court should consider the drugs recovered in a January 2010 seizure in resentencing Montes-Vargas. *See Williams v. United States*, 503 U.S. 193, 205 (1992) ("[I]t is the prerogative of the district court, not the court of appeals, to determine, in the first instance, the sentence that should be imposed in light of certain factors properly considered under the Guidelines.").

**CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.**