NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 6 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>FRANCISCO ALFREDO MONTES-VARGAS, AKA Pastas, AKA Consejo Rodriguez-Palacios,<br><br>Defendant-Appellant. | No.  17-10470<br><br>D.C. No.<br>2:10-cr-00708-GMS-3<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted February 4, 2019**
Phoenix, Arizona

Before:  HAWKINS, M. SMITH, and HURWITZ, Circuit Judges.

Defendant-Appellant Francisco Alfredo Montes-Vargas (Defendant) appeals

his 204-month sentence for conspiracy to distribute and distribution of cocaine and

methamphetamine pursuant to 21 U.S.C. §§ 841 and 846.  After a jury found

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Defendant guilty on both counts, the district court initially sentenced him to 292 months of imprisonment based on an incorrect presentence report (PSR). *See United States v. Montes-Vargas*, 679 F. App'x 588, 589 (9th Cir. 2017). Following our remand for resentencing, *id.*, the district court resentenced Defendant to 204 months of imprisonment based on a revised PSR. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court did not err when it attributed the entire quantity of drugs in the stash house to Defendant when calculating his base offense level, even though Defendant personally delivered only a portion of those drugs. "[I]n determining for purposes of sentencing the quantity of drugs for which a conspirator will be held responsible, the district court is required to determine the quantity of drugs the conspirator reasonably foresaw or which fell within the scope of his particular agreement with the conspirators." *United States v. Kilby*, 443 F.3d 1135, 1142 (9th Cir. 2006) (quoting *United States v. Banuelos*, 322 F.3d 700, 702 (9th Cir. 2003)); *see also* U.S.S.G. § 2D1.1, cmt. 5 ("If the offense involved both a substantive drug offense and an attempt or conspiracy . . . the total quantity involved shall be aggregated to determine the scale of the offense."). Based on the intercepted telephone calls in which Defendant discussed the conspiracy, it was not plainly erroneous for the district court to conclude that he reasonably could have foreseen that the enterprise involved the total amount of stash house drugs, which, as the

district court noted, was sufficient to reach the offense level used in the resentencing. Furthermore, as to Count 4—the substantive drug offense—the jury indicated on a special verdict form that the drugs attributable to Defendant *exceeded* the threshold amounts alleged in the indictment, which further supports the inference that Defendant was responsible for the entire quantity of drugs contained in the stash house.

2.      We also conclude that that the district court did not err when it adopted a drug calculation in the PSR that combined the various types of drugs seized using the drug equivalency table, rather than treating each drug separately. *See* U.S.S.G. § 2D1.1, cmt. 7 ("Where there are multiple transactions or multiple drug types, the quantities of drugs are to be added.").

3.      We find that the district court did not abuse its discretion when it applied a two-level enhancement for the importation of methamphetamine, as it was not clearly erroneous for the court to conclude that the methamphetamine was imported from Mexico and that Defendant knew of the importation. *See United States v. Job*, 871 F.3d 852, 870–72 (9th Cir. 2017).

4.      The district court did not err when it applied the same mandatory minimum sentence to the conspiracy count as to the corresponding substantive offense. *See United States v. Dabdoub-Canez*, 961 F.2d 836, 838 (9th Cir. 1992).

5.      Lastly, although Defendant argues that a new trial is needed due to

3

erroneous jury instructions, that issue is beyond the scope of our limited remand and will not be considered. *See Montes-Vargas*, 679 F. App'x at 589 (remanding for resentencing only).

**AFFIRMED.**