**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30239 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00014-SEH-1 |
| v. | |
| WESLEY EDWARDS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted July 12, 2012
Seattle, Washington

Before: SCHROEDER, REINHARDT, and M. SMITH, Circuit Judges.

Wesley David Edwards (Edwards) appeals his 54-month sentence for

speeding and evading arrest. In pursuit of Edwards, Officer Mark Wilfore

(Wilfore) suffered injuries when he crashed into a cow that suddenly appeared in

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

front of his cruiser. Edwards pled guilty to Criminal Endangerment under Mont. Code Ann. § 45-5-207 ("A person who knowingly engages in conduct that creates a substantial risk of death or serious bodily injury."), assimilated for federal law purposes under 18 U.S.C. § 1152, and was sentenced to 54 months in prison and three years of supervised release. Edwards argues that the district judge erred in calculating his sentence in three ways: cross-referencing from the "Obstructing and Impeding Officers" Guideline under U.S.S.G. § 2A2.4 to the "Aggravated Assault" Guideline under § 2A2.2, applying the specific offense characteristic of "Permanent or Life-Threatening Bodily Injury" under § 2A2.2(b), and enhancing his sentence for causing harm to an "Official Victim" under § 3A1.2.

This court will "review the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of [a] case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006) (alteration in original) (internal quotation marks and citation omitted). "We review applications of fact to law in one of two ways: if the district court's application of fact to law 'requires an inquiry that is essentially factual,' we review it as if it were a factual finding; if the district court's application of fact to law requires reference to 'the values that animate legal principles,' we review it as if it were a legal

2

finding." *United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009) (en banc) (quoting *United States v. McConney*, 728 F.2d 1195, 1202 (9th Cir.1984)). Edwards's claims are reviewed de novo because he challenges district court determinations that either interpret the Guidelines or apply the Guidelines to facts in a manner that animates legal principles.

We have jurisdiction under 28 U.S.C. § 1291, and we hold that the district court did not err in cross-referencing the offense for Guideline purposes from Obstructing and Impeding Officers to Aggravated Assault. The district court did, however, err in applying the Permanent or Life-Threatening Bodily Injury and Official Victim enhancements. We therefore reverse and remand for resentencing.

All parties agree that the sentencing calculation must begin with Obstructing or Impeding Officers, U.S.S.G. § 2A2.4, because it is the Guideline most analogous to Criminal Endangerment in cases in which a police officer is involved. The Obstructing or Impeding Officers Guideline posits that in such cases the district judge must apply a cross-reference to Aggravated Assault if "the conduct constituted aggravated assault." § 2A2.4(c). Aggravated assault occurs if the victim suffers "serious bodily injury" and the defendant's conduct "involve[s]" such harm. § 2A2.2 cmt. n.1. The uncontested facts – Wilfore's overnight hospitalization, his surgery to remove glass from his arm, and his eight sessions of

3

physical therapy – demonstrate that he suffered "serious bodily injury," under the broad definition set forth in § 1B1.1 cmt. n.1(L). As to "involved," the government conceded at oral argument that aggravated assault would not apply if a private citizen had simply been pursuing Edwards and suffered an identical injury. However, because the district judge found that Wilfore was "doing his job" in pursuing Edwards for speeding, Wilfore's harm occurred in his official capacity and was the result of Edwards's conduct. *See United States v. Garcia-Camacho*, 122 F.3d 1265, 1267-68 (9th Cir. 1997). Because the elements of aggravated assault are met, the cross-reference to Aggravated Assault, § 2A2.2, was correct.

Within the Aggravated Assault Guideline, the district court erred in finding that Wilfore's injuries were sufficient to apply the specific offense characteristic, Permanent or Life-Threatening Bodily Injury. U.S.S.G. § 2A2.2(b)(3). For this specific offense characteristic, the victim must have suffered the "loss or substantial impairment of the function of a bodily member, organ, or mental faculty that is likely to be permanent . . . ." § 1B1.1 cmt. n.1(J). Wilfore's 3% loss of function in his neck and shoulder for worker's compensation purposes, is indisputably not a substantial impairment of the function of a bodily member. Rather than applying the 7-point increase for Permanent or Life-Threatening

Bodily Injury, the district court was required to apply the 5-point increase for Serious Bodily Injury.

The district court also erred in applying the Official Victim enhancement. U.S.S.G. § 3A1.2(c)(1). Note 4 to the enhancement says "Subsection (c) applies in circumstances tantamount to aggravated assault against a law enforcement officer, committed in the course of, or in the immediate flight following, *another offense*." § 3A1.2 cmt. n.4 (emphasis added). Edwards committed only one offense: criminal endangerment. Because a police officer was involved and suffered serious bodily injury, under the Sentencing Guidelines, this offense is tantamount to aggravated assault. Therefore, Edwards did not commit aggravated assault in the course of another offense; he committed the assault in the course of only one offense. "Here there was no other offense, so the increase [i.e., the official victim enhancement] cannot apply." *United States v. Jennings*, 991 F.2d 725, 734 (11th Cir. 1993). Accordingly, we hold that the Official Victim enhancement of 6 points cannot be applied to Edwards in this case.

For the above reasons, Edwards's sentencing calculation may not be based on an offense level higher than 16. Because Edwards's criminal history puts him in category I, his sentence (assuming no departures) is in the 21-27 month range, rather than the 51-63 month range.

**REVERSED** and **REMANDED** for resentencing.