**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30194 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00212-EJL-1 |
| v. | |
| PAUL LEE OATMAN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted September 4, 2015**
Seattle, Washington

Before: NOONAN, HAWKINS, and GOULD, Circuit Judges.

Paul Oatman appeals his jury conviction and sentence for assault resulting in

serious bodily injury under 18 U.S.C. §§ 113(a)(6) and 1153. Oatman's conviction

and sentence followed an incident that occurred on an Indian reservation in which

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Oatman allegedly struck an officer and fractured his jaw. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and vacate and remand in part.

We review de novo the district court's denial of Oatman's Rule 29 motion, and conclude the district court did not err. *See United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012); Fed. R. Crim. P. 29(a). Viewing the evidence and the inferences that may be drawn from it in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that Oatman intentionally assaulted Gaston, causing Gaston's serious bodily injury. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

We review de novo the district court's interpretation of the Sentencing Guidelines, and we review for abuse of discretion its application of the six-level official victim enhancement. *See United States v. Loew*, 593 F.3d 1136, 1139 (9th Cir. 2010); U.S.S.G. § 3A1.2(c). The district court abused its discretion because Oatman's criminal conduct was not committed during the course of or immediate flight from an offense other than his assault of Gaston. *See* § 3A1.2(c) cmt. n. 4; *see also United States v. Edwards*, 490 F. App'x. 6, 8–9 (9th Cir. 2012).

Moreover, the district court's error was not harmless. "[T]he district court must correctly calculate the recommended Guidelines sentence and use that recommendation as the 'starting point and the initial benchmark.'" *United States v.*

*Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011) (quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)). Further, "[t]he court must explain . . . the reason for the *extent* of a variance," and the extent "necessarily is different when the range is different." *Id.* at 1031. Because it is unclear whether the district court would have imposed the same sentence "if the correct Guidelines range was 'kept in mind throughout the process,'" *id.* (quoting *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc)), we vacate and remand for re-sentencing.

**AFFIRMED in part; VACATED AND REMANDED in part.**

Each party shall bear its own costs.