**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50266 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00937-SJO-1 |
| v. | |
| JASON NAGEL DULAY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted December 7, 2012
Pasadena, California

Before: IKUTA and NGUYEN, Circuit Judges, and BURNS, District Judge.[**]

Jason Dulay appeals the 324-month sentence imposed by the district court

following his guilty plea to possession with intent to distribute at least fifty grams

of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii),

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Larry A. Burns, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1). Dulay contends that the district court's failure to calculate the applicable Sentencing Guidelines range and failure to explain the extent of any variance between its sentence and the appropriate Guidelines range constituted non-harmless procedural error. He also argues that the sentence is substantively unreasonable. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.

We generally review sentencing decisions for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). We "must first ensure that the district court committed no significant procedural error," *Gall v. United States*, 552 U.S. 38, 51 (2007), and only proceed to consider the substantive reasonableness of a sentence "[i]n the absence of a 'significant procedural error.'" *United States v. Ellis*, 641 F.3d 411, 422 (9th Cir. 2011) (quoting *Gall*, 552 U.S. at 51). With respect to a claim of procedural error, this court "review[s] the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of a case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Grissom*, 525 F.3d 691, 696 (9th Cir. 2008). Because Dulay did not object to this

2

procedural error before the district court, we review Dulay's claim for plain error. *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009).

Here, the district court's failure to calculate the applicable Guidelines range constituted a "significant procedural error" that was plainly erroneous. *See Gall v. United States*, 552 U.S. 38, 49, 50 n.6, 51 (2007) (holding that: despite the advisory nature of the Sentencing Guidelines, they remain "the starting point and the initial benchmark" of a district court's sentencing analysis; the "district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" and keep that range in mind throughout the sentencing process; and that "failing to calculate (or improperly calculating) the Guidelines range . . . or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range[,]" constitutes "significant procedural error;". . .); *see also Carty*, 520 F.3d at 991 ("All sentencing proceedings are to begin by determining the applicable Guidelines range. The range must be calculated correctly."); *see also Hammons*, 558 F.3d at 1105 (holding that a district court's failure to consider the 18 U.S.C. § 3553(a) factors was plain error, relying on *Gall*).

Moreover, because the district court did not calculate the applicable Guidelines range, it could not adequately explain "the extent of [any] deviation"

3

from that range. *Gall*, 552 U.S. at 50 (finding it "uncontroversial that a major departure [from the Guidelines range] should be supported by a more significant justification than a minor one"); *see also United States v. Munoz-Camarena*, 631 F.3d 1028, 1031 (9th Cir. 2011) ("The extent [of a variance] necessarily is different when the range is different, so a one-size-fits-all explanation ordinarily does not suffice.").

The district court's procedural error was not harmless. *Munoz-Camarena*, 631 F.3d at 1030 n.5 (explaining that harmless error is rare in Guidelines calculations and noting that "harmless error is possible only where the requirements of *Gall* and *Carty* are met"). "A district court's mere statement that it would impose the same above-Guidelines sentence no matter what the correct calculation cannot, without more, insulate the sentence from remand, because the court's analysis did not flow from an initial determination of the correct Guidelines range." *Id.* at 1031. Further, its prejudicial impact affected Dulay's substantial rights and sufficiently impacted the fairness of the proceedings to warrant remand. *See Hammons*, 558 F.3d at 1105; *Munoz-Camarena*, 631 F.3d at 1031 (because "[w]e are not convinced that the district court would impose the same sentence if the correct Guidelines range was 'kept in mind throughout the process,' . . . a remand for resentencing is . . . required." (citing *Carty*, 520 F.3d at 991)).

4

Because the district court's failure to calculate the Guidelines range was plain error, we need not reach the substantive reasonableness of the district court's sentence.

**VACATED AND REMANDED.**