
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10508 |
| Plaintiff-Appellee, | D.C. No. 4:11-CR-02774-RCC-LAB-1 |
| v. | |
| RAFAEL FRANCO-REYES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief District Judge, Presiding

Argued and Submitted September 11, 2013
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and BEISTLINE, Chief District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Ralph R. Beistline, Chief United States District Judge for the District of Alaska, sitting by designation.

Appellant Rafael Franco-Reyes appeals the introduction of certain evidence at his criminal trial. Franco-Reyes also disputes the procedure used in calculating his sentence.

Under Federal Rule of Criminal Procedure 12(b)(3), a party wishing to suppress evidence must file a motion to suppress prior to trial. Under Rule 12(e), a failure to timely file a motion to suppress constitutes waiver of the issue. *See United States v. Murillo*, 288 F.3d 1126, 1135 (9th Cir. 2002). Here, Franco-Reyes did not move to suppress Exhibits 7 and 8 or the agents' testimony prior to trial. As a consequence, Franco-Reyes waived his challenge to the admission of such evidence.

"When a defendant does not raise an objection to his sentence before the district court, we apply plain error review." *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009) (citation omitted). The applicable Guidelines range must be calculated correctly; it would be a "significant procedural error" for a district court to fail to do so. *United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011).

Here, like in *United States v. Carty*, 520 F.3d 984, 995 (9th Cir. 2008), the district court read both parties' sentencing memoranda that discussed the sentencing factors and heard both parties' sentencing arguments. Franco-Reyes'

Sentencing Memorandum referenced an offense level of eighteen and a criminal history category of III, with a resulting Sentencing Guidelines range of thirty-three to forty-one months, including a requested two-level reduction for acceptance of responsibility.

The district court, while not stating the offense level and criminal history category, explicitly adopted the sentencing range proffered by Franco-Reyes in his Sentencing Memorandum, which was arrived at by using the offense level and criminal history category urged in that memorandum. The court also explicitly granted the requested two-level reduction.

Like the district court in *Carty*, the district court here stayed within the Guidelines range, sentencing Franco-Reyes to forty-one months. There was no doubt among the parties as to the offense level and criminal history category relied upon. Clear error, therefore, has not been established.

The decision of the district court is **AFFIRMED.**