**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JAN 09 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10337 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01047-ROS-2 |
| v. | |
| RANDOLPH BENJAMIN RODMAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Senior District Judge, Presiding

Argued and Submitted October 9, 2014
Phoenix, Arizona

Before: WALLACE, SILVERMAN, and M. SMITH, Circuit Judges.

Randolph Rodman challenges his conviction for conspiracy to defraud the

government under 18 U.S.C. § 371 based on the alleged prejudicial testimony of a

co-conspirator and outrageous government conduct. He also challenges the

sufficiency of evidence for the charges of aiding and abetting the illegal possession

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and transfer of a machine gun, and use of the mail and wires in furtherance of a scheme or artifice. Finally, Rodman argues that the district court erred in enhancing his sentencing level for trafficking in firearms. All other claims raised by Rodman are addressed in an opinion filed concurrently. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm in part, vacate in part, and remand for resentencing.

## I. Testimony of Co-Conspirator

The district court did not abuse its discretion in allowing the testimony of Lorren Mark Kalish. *See United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012). Both co-defendants in the trial were charged with the same, single conspiracy to defraud the government, and Kalish testified about the nature of that conspiracy and the overt acts taken to further that conspiracy. Thus, Kalish's testimony about the conspiracy is relevant to Rodman, and Rodman was not prejudiced by this testimony. *See United States v. Smith*, 609 F.2d 1294, 1297-99 (9th Cir. 1979).

## II. Outrageous Government Conduct

In order to dismiss on the basis of outrageous government conduct, the court must find the government's conduct "so grossly shocking and so outrageous as to

violate the universal sense of justice." *United States v. Smith*, 924 F.2d 889, 897 (9th Cir. 1991). Rodman argues that there was outrageous government conduct because the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) continued to approve the registration and transfer forms submitted by Clark even after they had begun an investigation into Clark's operations. However, approving submitted registration and transfer forms does not satisfy the high standard of "grossly shocking" and violating "the universal sense of justice" necessary to find outrageous government conduct. We also note that the government conduct at issue did not encourage Rodman to commit the charged offenses as he purchased and sold the offending machine guns and submitted false forms to the ATF prior to the ATF's approval of the forms in 2008. *See United States v. Black*, 733 F.3d 294, 303-06 (9th Cir. 2013). Accordingly, we reject this claim.

## III. Mail/Wire Fraud

Rodman was convicted of mail and wire fraud in connection with submitting registration and transfer forms to the ATF and shipping illegal machine guns. However, mail and wire fraud is "limited in scope to the protection of property rights." *McNally v. United States*, 483 U.S. 350, 360 (1987). The government conceded in supplemental briefing and at oral argument that it had failed to allege a conspiracy wherein Rodman deprived the government of property. Thus, we

reverse Rodman's conviction for mail and wire fraud, and we remand for resentencing.

## IV. Aiding and Abetting Counts

Rodman was also convicted of aiding and abetting the possession and transfer of machine guns in violation of law. Because Rodman failed to move for acquittal based on the non-conspiracy aiding and abetting counts, we review for plain error. *United States v. Cruz*, 554 F.3d 840, 844 (9th Cir. 2009). Aiding and abetting requires that the defendant "specifically intended to facilitate the commission of [the principal's] crimes." *United States v. Bancalari*, 110 F.3d 1425, 1430 (9th Cir. 1997) (alteration in original) (internal quotation marks omitted). There was sufficient evidence proving that Rodman specifically intended to facilitate Clark's illegal possession and transfer of machine guns, and thus there was no plain error.

## V. Sentencing Guideline Enhancement

The government concedes that Rodman's sentencing range was increased by four levels for trafficking in firearms under U.S.S.G. § 2K2.1(b)(5) without the proper supporting facts required for such an enhancement. Therefore, we vacate his sentence and remand to the district court for resentencing.

**AFFIRMED** in part, **VACATED** in part, and **REMANDED** for resentencing.

4