**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10470 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01047-ROS-2 |
| v. | |
| RANDOLPH BENJAMIN RODMAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Senior District Judge, Presiding

Submitted May 12, 2016[**]
San Francisco, California

Before: McKEOWN, SACK[***], and FRIEDLAND, Circuit Judges.

Randolph Rodman appeals the district court's application of the U.S.

Sentencing Guidelines on remand for resentencing after our decisions in *United*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert D. Sack, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

*States v. Rodman*, 776 F.3d 638 (9th Cir. 2015), and *United States v. Rodman*, 596 F. App'x 548 (9th Cir. 2015). Rodman argues that the district court engaged in impermissible double counting by applying an enhancement for committing an offense wherein "any firearm . . . had an altered or obliterated serial number," U.S.S.G. § 2K2.1(b)(4)(B), in sentencing Rodman for convictions under 18 U.S.C. § 922(k) and 26 U.S.C. § 5861(g) (Counts 62 and 65, respectively), both of which involved an element of obliterating a serial number. We affirm the district court's sentencing under the harmless error doctrine. *See United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 & n.5 (9th Cir. 2011) (per curiam).

Harmless error review applies where the district court "performs the sentencing analysis with respect to an incorrect Guidelines range that overlaps substantially with a correct Guidelines range such that the explanation for the sentence imposed is sufficient even as to the correct range." *Id.* at 1030 n.5. Here, Rodman argues for an error in double counting only with respect to Counts 62 and 65. He identifies no double counting error with respect to the sentences for the remainder of the fifteen counts of conviction, each of which was to run concurrently, and at least some of which would have received the same base offense level under U.S.S.G. § 2K2.1(a)(5) because they "involved a firearm described in 26 U.S.C. § 5845(a)." Further, the U.S.S.G. § 2K2.1(b)(4)(B)

2

enhancement could have been, and in fact was, applied to at least one of these same counts. Rodman would therefore have received the same sentence even if the district court did not apply the enhancement to the convictions under Counts 62 and 65. Accordingly, any double counting error on Counts 62 and 65 was harmless.

**AFFIRMED.**