**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            v.

EDUARDO MUNOZ-CAMARENA,
            *Defendant-Appellant.*

No. 09-50088

D.C. No.
3:08-CR-02701-
LAB-1

ORDER AND
OPINION

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued February 5, 2010
Submitted September 3, 2010
Pasadena, California

Filed January 28, 2011

Before: Betty B. Fletcher, Harry Pregerson, and
Susan P. Graber, Circuit Judges.

Per Curiam Opinion

## COUNSEL

Caroline Han, Mark R. Rehe, Office of the U.S. Attorney, San Diego, California, for the plaintiff-appellee.

Erica Kristine Zunkel, Steven Francis Hubachek, Kristi A. Hughes, Federal Public Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

## ORDER

The Opinion filed September 3, 2010, slip op. 13455, and appearing at 621 F.3d 967 (9th Cir. 2010), is withdrawn. It may not be cited as precedent by or to this court or any district court of the Ninth Circuit.

The petition for panel rehearing is granted in part. A new opinion is being filed concurrently with this order.

The parties may file new petitions for rehearing or petitions for rehearing en banc.

---

## OPINION

PER CURIAM:

Eduardo Munoz-Camarena appeals his 65-month sentence for attempted illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a) & (b). While his appeal was pending, the Supreme Court issued its decision in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), which casts doubt on the district court's calculation of the recommended Guidelines sentence in this case. We vacate the Appellant's sentence and remand for re-sentencing.

The U.S. Sentencing Guidelines Manual[1] instructs a district court to increase the base offense level for illegal re-entry by eight points if the defendant was previously convicted of an aggravated felony and then deported, U.S.S.G. § 2L1.2(b)(1)(C), or four points if the defendant was previously convicted of a felony and then deported, U.S.S.G. § 2L1.2(b)(1)(D). The district court treated Munoz-Camarena's three previous California convictions for simple possession, Cal. Health & Safety Code § 11350(a), as being equivalent to a conviction for federal recidivist possession, 21 U.S.C. § 844(a). Recidivist possession is an aggravated felony.[2]

---

[1] All references are to the 2008 version of the Guidelines Manual.

[2] Simple possession by itself is not an aggravated felony. The statutory list of aggravated felonies includes "any felony punishable under . . . the Controlled Substances Act (§ 21 U.S.C. § 801 *et seq.*)." 18 U.S.C. § 924(c). A felony is a crime for which the "maximum term of imprison-

Accordingly, the district court applied an eight-level Guidelines enhancement.

**[1]** We now know that a second or subsequent conviction for simple possession does not qualify as an aggravated felony "when, as in this case, the state conviction is not based on the fact of a prior conviction." *Carachuri-Rosendo*, 130 S. Ct. at 2579. Because the Defendant's prior convictions do not qualify as aggravated felonies, but do qualify as felonies,[3] the district court should have applied a four-level enhancement. A mistake in calculating the recommended Guidelines sentencing range is a significant procedural error that requires us to remand for resentencing. *See United States v. Brooks*, 610 F.3d 1186, 1198-99 (9th Cir. 2010); *United States v. Coronado*, 603 F.3d 706, 712 (9th Cir. 2010) (citing *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc)).

The Government argues that a remand is unnecessary because the district court's error was harmless. The district court stated that it was going to sentence Munoz-Camarena to 65 months regardless of whether the four- or eight-level

---

ment" authorized is "more than one year." 18 U.S.C. § 3156(a)(3). Under the Controlled Substances Act, first-time simple possession is a federal misdemeanor because the maximum authorized sentence is less than one year. 21 U.S.C. § 844(a). However, a conviction for simple possession "after a prior conviction under this subchapter or . . . under the law of any State" — recidivist simple possession — is a felony with a maximum two-year sentence. *Id.*

[3]Munoz-Camarena has three prior convictions for simple possession, two convictions for illegal entry, 8 U.S.C. § 1325, and one for illegal re-entry, 8 U.S.C. § 1326. The Sentencing Guidelines define a felony as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." U.S.S.G. § 2L1.2 cmt. n.2. The maximum sentence authorized by California law for simple possession is one year, Cal. Health & Safety Code § 11350(b), but the maximum authorized sentence for illegal entry and re-entry is greater than one year, 8 U.S.C. §§ 1325(a), 1326(a).

enhancement applied and also stated that it would apply the same sentence if the Ninth Circuit were to order resentencing.**[4]**

**[2]** The Supreme Court has made clear that the district court must correctly calculate the recommended Guidelines sentence and use that recommendation as the " 'starting point and the initial benchmark.' " *Kimbrough v. United States*, 552 U.S. 85, 108 (2007) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)); *see also Gall*, 552 U.S. at 51 (holding that improperly calculating the Guidelines range constitutes "significant procedural error"); *Carty*, 520 F.3d at 991. The Supreme Court also has emphasized that the recommended Guidelines range must "be kept in mind throughout the process." *Carty*, 520 F.3d at 991; *see also Gall*, 552 U.S. at 50 n.6 ("[D]istrict courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process.").

**[3]** A district court must start with the recommended Guidelines sentence, adjust upward or downward from that point, and justify the extent of the departure from the Guidelines sentence. *Carty*, 520 F.3d at 991-92. If it makes a mistake, harmless error review applies. *United States v. Ali*, 620 F.3d 1062, 1074 (9th Cir. 2010).**[5]**

---

**[4]**In *United States v. Menyweather*, 447 F.3d 625 (9th Cir. 2006), we applied harmless error analysis to the district court's reasons for departing downward from a Guidelines range. There was no dispute on appeal about the Guidelines calculation or its correctness, *id.* at 630, but only about whether the district gave a proper and adequate explanation for the significant downward departure. Therefore, *Menyweather* did not decide anything about whether harmless error review is available in the context of an incorrect Guidelines calculation. It is distinguishable. Regardless of later developments in the law, we need not revisit *Menyweather*, to overrule it or otherwise.

**[5]**For example, harmless error may result if the district court: (1) acknowledges that the correct Guidelines range is in dispute and performs his sentencing analysis twice, beginning with both the correct and incorrect range; (2) chooses a within-Guidelines sentence that falls within both

**[4]** In this case, we cannot say that the district court's incorrect application of the eight-level enhancement was harmless. On review of the record, we conclude that, had the district court started with the correct Guidelines range of 24 to 30 months, rather than 33 to 41 months, it may have arrived at a different sentence. A district court's mere statement that it would impose the same above-Guidelines sentence no matter what the correct calculation cannot, without more, insulate the sentence from remand, because the court's analysis did not flow from an initial determination of the correct Guidelines range. The court must explain, among other things, the reason for the *extent* of a variance. *Carty*, 520 F.3d at 991-92. The extent necessarily is different when the range is different, so a one-size-fits-all explanation ordinarily does not suffice.

**[5]** We find the district court's explanation here insufficient to explain the extent of the variance from the correct Guidelines range. We are not convinced that the district court would impose the same sentence if the correct Guidelines range was "kept in mind throughout the process," *Carty*, 520 F.3d at 991, and a remand for resentencing is therefore required.

Because we are remanding on the basis of an error in the Guidelines calculations, we need not reach Munoz-Camarena's alternative arguments in support of a remand: that the district court failed to consider all of the 18 U.S.C. § 3553(a) factors and that the 65-month sentence improperly

the incorrect and the correct Guidelines range and explains the chosen sentence adequately; (3) imposes a statutory minimum or maximum and adequately explains why no additional or lesser term of imprisonment is necessary; or (4) performs the sentencing analysis with respect to an incorrect Guidelines range that overlaps substantially with a correct Guidelines range such that the explanation for the sentence imposed is sufficient even as to the correct range. This list is not exhaustive, but is intended merely to illustrate the general principle that harmless error is possible only where the requirements of *Gall* and *Carty* are met.

took into account the fact that Munoz-Camarena had violated the terms of his supervised release. *See, e.g.*, *United States v. Forrester*, 616 F.3d 929, 950 (9th Cir. 2010).

**SENTENCE VACATED, REMANDED FOR RESENTENCING.**