**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50380 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00445-DSF-50 |
| v. | |
| FRANKIE DELAROSA MURGUIA, Jr., a.k.a. Hopper, a.k.a. Papas, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Frankie DeLaRosa Murguia, Jr., appeals from the 15-year supervised release

term imposed following his guilty-plea conviction for Racketeer Influenced and

Corrupt Organizations conspiracy, in violation of 18 U.S.C. § 1962(d), and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 846.  We have jurisdiction under 28 U.S.C. § 1291, and we vacate the supervised release term and remand for resentencing.

In imposing sentence, the district court erroneously calculated the Guidelines range for the supervised release term as three years to life.  As the government concedes, the Guidelines range is instead three to five years.  *See* U.S.S.G. § 5D1.2(a)(1).  The court imposed a supervised release term three times greater than the high-end of that range, and far in excess of Murguia's 30-month custodial sentence.  Under these circumstances, we cannot conclude that the court would have imposed the same sentence absent the Guidelines error.  Accordingly, we vacate Murguia's supervised release term and remand for resentencing so that the district court's analysis can proceed from "an initial determination of the correct Guidelines range."  *United States v. Munoz-Camarena*, 631 F.3d 1028, 1031 (9th Cir. 2011) (per curiam); *see also United States v. Hammons*, 558 F.3d 1100, 1105-06 (9th Cir. 2009) (district court's failure to calculate the correct Guidelines range was plain error).

**VACATED in part and REMANDED.**