FILED

SEP 29 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANCISCO JAVIER RIVERA-SUAZO,
AKA Damien Lopez, AKA Spiderman,

Defendant - Appellant.

No. 10-30353

D.C. No. 1:09-cr-00090-EJL-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted September 27, 2011 [**]

Before: HAWKINS, SILVERMAN and W. FLETCHER, Circuit Judges.

Francisco Javier Rivera-Suazo appeals the 240-month sentence imposed

following his jury conviction of conspiracy to distribute methamphetamine in

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. We have jurisdiction under 28 U.S.C. § 1291, and we vacate the sentence and remand for resentencing.

As the government concedes, the district court erred when it considered Rivera-Suazo's state court conviction in calculating his criminal history instead of determining that the conviction was relevant conduct. Without the error, the Guidelines rage should have been 262-327 months, as opposed to 292-365 months. Under these circumstances, we cannot conclude that the court would have imposed the same sentence absent the Guidelines error. Accordingly, we vacate Rivera-Suazo's sentence and remand for resentencing so that the district court's analysis can proceed from "an initial determination of the correct Guidelines range." *United States v. Munoz–Camarena*, 631 F.3d 1028, 1031 (9th Cir. 2011) (per curiam); *see also United States v. Hammons*, 558 F.3d 1100, 1105–06 (9th Cir. 2009) (district court's failure to calculate the correct Guidelines range was plain error).

Because we are remanding on the basis of an error in the Guidelines calculations, we need not reach Rivera-Suazo's arguments that the district court erred by running the instant sentence consecutive to the sentence for the state. *See Munoz-Camarena*, 631 F.3d at 1031.

**SENTENCE VACATED and REMANDED**.