FILED

JAN 30 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10265 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00100-RCJ-VPC-1 |
| v. | |
| SAUL BELTRAN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Argued and Submitted January 13, 2012
San Francisco, California

Before: WALLACE, NOONAN, and M. SMITH, Circuit Judges.

Saul Beltran appeals from a 48-month sentence imposed pursuant to his

guilty plea to illegal reentry by a deported alien under 8 U.S.C. § 1326(a). Beltran

contends that the district court erroneously applied a sixteen-level "crime of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Circuit Rule 36-3.

violence" enhancement under U.S.S.G. § 2L1.2(b)(1)(A) based on Beltran's 2001 Nevada conviction of attempted burglary. We remand.

We apply the modified categorical approach to determine whether Beltran's 2001 conviction "necessarily rested" on facts satisfying the elements of generic burglary, including the requirement of an "unlawful or unprivileged" entry. *United States v. Aguila-Montes de Oca*, 655 F.3d 915, 940, 941 (9th Cir. 2011) (en banc). The district court had before it two documents from the Nevada conviction. The Judgment of Conviction stated that Beltran pleaded guilty to the statutory definition of attempted burglary. Nevada burglary does not require an "unlawful or unprivileged" entry. *See, e.g., Stephans v. State*, 262 P.3d 727, 729 (Nev. 2011) (upholding burglary conviction for shoplifting); *Hernandez v. State*, 50 P.3d 1100, 1113 (Nev. 2002). Because the Judgment of Conviction did not indicate that Beltran pleaded guilty "as charged" in the Information, the court could not consider facts alleged in the Information. *United States v. Vidal*, 504 F.3d 1072, 1087 (9th Cir. 2007). Without more, it could not find that Beltran's guilty plea necessarily admitted the elements of generic burglary. *See Aguila*, 655 F.3d at 921 (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)). The sixteen-level crime of violence enhancement was improper.

The error was not harmless.  "A district court's mere statement that it would impose the same above-Guidelines sentence no matter what the correct calculation cannot, without more, insulate the sentence from remand, because the court's analysis did not flow from an initial determination of the correct Guidelines range."  *United States v. Munoz-Camarena*, 631 F.3d 1028, 1031 (9th Cir. 2011).  The sixteen-level enhancement significantly increased the Guidelines range to which Beltran was exposed.

We therefore AFFIRM the conviction but VACATE the sentence and REMAND for resentencing.  On remand, the government may produce, and the court may consider, any documents from the 2001 Nevada conviction permitted under *Shepard* and *Aguila*.  *See Shepard*, 544 U.S. at 16, 26; *Aguila*, 655 F.3d at 921.  We note, however, that police reports and the probation department's Presentence Investigation Report are not among these.  *See Aguila*, 655 F.3d at 921 (*Shepard* "rejected the . . . contention that the sentencing court may look at police reports . . . to determine what a guilty plea 'necessarily admitted[.]'")

Each party to bear its own costs.