**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50170 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00858-CJC |
| v. | |
| DANIEL ROMERO, a.k.a. Bam, a.k.a. Bambam, a.k.a. Eddie Diaz, a.k.a. Daniel Macias, a.k.a. Adrian Gabriel Romero, a.k.a. Youngster, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted March 12, 2013[**]

Before: PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Daniel Romero appeals from the district court's judgment and challenges the

30-month sentence imposed following his jury-trial conviction for being a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

prohibited person in possession of a firearm and/or ammunition, in violation of 18 U.S.C. § 922(g).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Romero contends that the district court erred by denying him a two-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), solely on the basis that he went to trial.  *See* U.S.S.G. § 3E1.1 cmt. n.2 (a defendant who goes to trial is not automatically precluded from receiving an acceptance of responsibility adjustment).  Any error was harmless because, in lieu of an acceptance of responsibility adjustment, the court granted a two-level downward variance under 18 U.S.C. § 3553(a) to reflect the fact Romero did not contest that he possessed a firearm.  *See United States v. Munoz-Camarena*, 631 F.3d 1028, 1030-31 (9th Cir. 2011).

The government's motion, filed on July 23, 2012, to strike portions of Romero's opening brief and excerpts of record is granted.

**AFFIRMED.**