**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50368 |
| Plaintiff - Appellee, | D.C. No. 2:04-cr-00402-CAS |
| v. | |
| CLARENCE ADOLPHUS, a.k.a. Seal A, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Clarence Adolphus appeals from the district court's judgment and challenges

the 168-month sentence imposed following his guilty-plea conviction for

conspiracy to possess with intent to distribute a controlled substance, in violation

of 21 U.S.C. § 846; money laundering, in violation of 18 U.S.C. § 1956; tax

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evasion, in violation of 26 U.S.C. § 7201; and attempting to interfere with the administration of revenue law, in violation of 26 U.S.C. § 7212(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Adolphus contends that the district court violated Federal Rule of Criminal Procedure 32 and prevented meaningful appellate review by failing to make sufficient findings in response to his objection to the aggravating role adjustment. Adolphus did not dispute any of the facts cited in the presentence report in support of the adjustment; thus, Rule 32 did not require the court to say more than it did. *See United States v. Petri*, No. 11-30337, 2013 WL 1490604, at *7 (9th Cir. Apr. 12, 2013). Furthermore, the court's explanation for the aggravating role adjustment is sufficient to permit appellate review.

Adolphus also contends that the district court erred by applying an aggravating role adjustment under U.S.S.G. § 3B1.1(a) because there was no evidence that he had control and authority over another participant in the money laundering offense. We do not reach this contention because, even if the district court erred, any error was harmless. *See United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 & n.5 (9th Cir. 2011) (per curiam). The district court imposed a sentence below the Guidelines range that would have resulted had no enhancement been imposed.

**AFFIRMED.**