**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50231 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-02818-BEN |
| v. | |
| ERICK HERRERA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted April 7, 2015[**]

Before:    FISHER, TALLMAN, and NGUYEN, Circuit Judges.

Erick Herrera appeals from the district court's judgment and challenges the

46-month sentence imposed following his guilty-plea conviction for importation of

heroin, in violation of 21 U.S.C. §§ 952 and 960.   We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Herrera challenges the district court's denial of a minor role reduction, arguing that the court incorrectly compared him to a hypothetical average courier. We review the district court's interpretation of the Guidelines de novo. *See United States v. Rodriguez-Castro,* 641 F.3d 1189, 1192 (9th Cir. 2011). In evaluating whether a defendant is a minor participant, the district court must compare "the defendant's conduct and that of the other participants in the same offense." *United States v. Rojas-Millan*, 234 F.3d 464, 473 (9th Cir. 2000) (internal quotations omitted). The district court's suggestion that Herrera ought to be compared to a hypothetical average courier was, therefore, incorrect. *See id.* However, the district court's error was harmless because the court ultimately denied the adjustment based on a proper comparison between Herrera's conduct and that of a co-participant in his offense. Moreover, the court indicated that even if Herrera's base offense level were reduced by two levels, it would impose the same sentence. *See United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 n.5 (9th Cir. 2011) (per curiam).

**AFFIRMED.**

14-50231