NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50264 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00011-LAB |
| v. | |
| OLIVER STRATTON FARNSWORTH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 9, 2015[**]

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Oliver Stratton Farnsworth appeals from the district court's judgment and

challenges the 12-month sentence imposed following revocation of supervised

release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Farnsworth argues that the district court procedurally erred by improperly

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

considering at sentencing the need to punish him and promote respect for the law, and by basing its sentence on clearly erroneous facts. We review for harmless error. *See United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011). The record reflects that the district court properly based its decision on the 18 U.S.C. § 3583(e) sentencing factors, including Farnsworth's repeated breaches of the court's trust. *See United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006). The court expressly disavowed any reliance on the need to punish Farnsworth for his violation conduct. Further, the court did not base its sentence on any clearly erroneous fact. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Finally, contrary to Farnsworth's contention, his within-Guidelines sentence is substantively reasonable in light of the section 3583(e) factors and the totality of the circumstances, including his criminal history and prior violations of supervised release. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The government's unopposed motion to supplement the record is granted.

**AFFIRMED.**