**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10502 |
| Plaintiff - Appellee, | D.C. No. 2:14-cr-00702-SPL |
| v. | |
| LEONIRES BRAVO-BUCIO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Steven P. Logan, District Judge, Presiding

Submitted April 13, 2016[**]

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Leonires Bravo-Bucio appeals his guilty-plea conviction and 41-month

sentence for reentry of a removed alien, in violation of 8 U.S.C. § 1326.  Pursuant

to *Anders v. California*, 386 U.S. 738 (1967), Bravo-Bucio's counsel has filed a

brief stating that there are no grounds for relief, along with a motion to withdraw.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Having independently reviewed the record, we are unable to determine whether the district court accepted the parties' binding plea agreement. *See* Fed. R. Crim. P. 11(c)(1)(C). The court never stated whether it was accepting or rejecting the agreement. *See United States v. Heredia*, 768 F.3d 1220, 1227 (9th Cir. 2014). Furthermore, when the court initially calculated the Guidelines range, it did not include the one-level early disposition departure to which the parties stipulated. Although it granted a one-level departure later in the sentencing hearing, it is not clear from the record whether that departure was intended to reflect the stipulated early disposition departure or a downward variance. If the court intended to accept the parties' agreement and vary downward one level from the stipulated range, it would have arrived at a Guidelines range of 37-46 months, rather than the 41-51 month range calculated by the court. Given the possibility that this is what the court intended, and that a lower "starting point" may have resulted in a lower sentence, we vacate and remand. *See United States v. Munoz-Camarena*, 631 F.3d 1028, 1030-31 (9th Cir. 2011). On remand, the district court shall state whether it accepts or rejects the plea agreement and proceed accordingly. *See* Fed. R. Crim. P. 11(c)(4)-(5).

Counsel's motion to withdraw is **GRANTED.** The district court shall appoint new counsel for Bravo-Bucio on remand.

**VACATED and REMANDED.**