**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-50098 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-03169-BEN |
| v. | |
| STEVEN MONTANO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted September 27, 2016[**]

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Steven Montano appeals from the district court's judgment and challenges the 41-month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Montano argues that the district court erred in denying a minor role reduction to his base offense level under U.S.S.G. § 3B1.2(b). We decline to reach this claim because any error was harmless. Although the district court denied the parties' request for a minor role reduction, it imposed a sentence at the bottom of the Guidelines range that applied with a minor role reduction, as urged by the government. Furthermore, the court explained that, even if it had granted a minor role reduction and started its sentencing analysis with a lower Guidelines range, it would have imposed a sentence of 41 months in light of the 18 U.S.C. § 3553(a) factors, particularly the need to avoid unwarranted sentencing disparities. Under these circumstances, we conclude that any error in failing to grant the minor role reduction requested by Montano was harmless. *See United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 n.5 (9th Cir. 2011) (harmless error may result where the district judge "acknowledges that the correct Guidelines range is in dispute and performs his analysis twice, beginning with both the correct and incorrect range").

**AFFIRMED.**