UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>CHAO FAN XU,<br><br>Defendant-Appellant. | No. 15-10016<br><br>D.C. No.<br>2:02-cr-00674-PMP-LRL-1<br>District of Nevada,<br>Las Vegas<br><br>ORDER |
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>WAN FANG KUANG,<br><br>Defendant-Appellant. | No. 15-10017<br><br>D.C. No.<br>2:02-cr-00674-PMP-LRL-3<br>District of Nevada,<br>Las Vegas |
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>YING YI YU,<br><br>Defendant-Appellant. | No. 15-10018<br><br>D.C. No.<br>2:02-cr-00674-PMP-LRL-4<br>District of Nevada,<br>Las Vegas |

| UNITED STATES OF AMERICA, | No.   15-10022 |
|---|---|
| Plaintiff-Appellee, | D.C. No. 2:02-cr-00674-PMP-LRL-2 District of Nevada, Las Vegas |
| v. | |
| GUO JUN XU, | |
| Defendant-Appellant. | |

Before:  W. FLETCHER, CHRISTEN, and FRIEDLAND, Circuit Judges.

The memorandum disposition filed on September 28, 2016, is hereby withdrawn; the memorandum disposition submitted simultaneously with this Order shall be filed in its place.

The Petition for Panel Rehearing is DENIED.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10016 |
| Plaintiff-Appellee, | D.C. No. 2:02-cr-00674-PMP-LRL-1 |
| v. | |
| CHAO FAN XU, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10017 |
| Plaintiff-Appellee, | D.C. No. 2:02-cr-00674-PMP-LRL-3 |
| v. | |
| WAN FANG KUANG, | |
| Defendant-Appellant. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| UNITED STATES OF AMERICA, | No. 15-10018 |
| | |

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

YING YI YU,

        Defendant-Appellant.

No. 15-10018

D.C. No.
2:02-cr-00674-PMP-LRL-4

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

GUO JUN XU,

        Defendant-Appellant.

No. 15-10022

D.C. No.
2:02-cr-00674-PMP-LRL-2

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted September 13, 2016
San Francisco, California

Before: W. FLETCHER, CHRISTEN, and FRIEDLAND, Circuit Judges.

Defendants Chao Fan Xu (Chaofan), Guo Jun Xu (Guojun), Wan Fang Kuang (Wanfang), and Ying Yi Yu (Yingyi)[1] appeal, for the second time, the sentences imposed following their convictions for racketeering conspiracy, conspiracy to transport and transact in criminally derived funds in violation of 18 U.S.C. §§ 1957 and 2314, and immigration fraud.[2] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. For the following reasons, we vacate and remand.

1. In defendants' first appeal, we held that on remand the district court could not apply a one-level sentencing enhancement under U.S.S.G. § 2S1.1(b)(2)(A) for a substantive violation of 18 U.S.C. § 1957. *See United States v. Chao Fan Xu*, 706 F.3d 965, 993 (9th Cir. 2013), *abrogated on other grounds by RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090 (2016). On remand, however, the district court continued to apply a one-level sentencing enhancement under U.S.S.G. § 2S1.1(b)(2)(A). This was error. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (stating that "failing to calculate (or improperly

---

[1]    We refer to defendants by their first names to avoid confusion among the defendants who share the same surname.

[2]    Wanfang and Yingyi have already completed their terms of imprisonment and supervised release. The government concedes, however, that their appeals are not moot because Wanfang and Yingyi are still subject to a restitution order. Wanfang and Yingyi adopt the arguments of Chaofan and Guojun, but only the restitution issues affect Wanfang and Yingyi.

calculating) the Guidelines range" constitutes "significant procedural error");

*United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) ("All sentencing proceedings are to begin by determining the applicable Guidelines range. The range must be calculated correctly.").

We cannot determine whether the district court would have imposed the same sentence if it kept the correct guidelines range in mind throughout the process. *See United States v. Munoz–Camarena*, 631 F.3d 1028, 1031 (9th Cir. 2011) (declining to find harmless a district court's incorrect application of an enhancement because it was unclear whether the district court would impose the same sentence if the correct guidelines range were "kept in mind throughout the process" (citation omitted)). We therefore conclude that material errors affected the district court's guidelines calculation and that we must vacate defendants' sentences and remand this matter for resentencing. We decline to reach defendants' arguments regarding the substantive reasonableness of their sentences.

2. Defendants argue that in calculating the sentencing guidelines range for racketeering conspiracy, the district court incorrectly considered approximately $20 million in transfers to the United States. The government cites no persuasive authority in support of its position that the transactions were properly considered. At resentencing, the district court based its guidelines calculation on the predicate

racketeering offense of engaging in monetary transactions in criminally-derived funds, 18 U.S.C. § 1957(a), and properly relied on U.S.S.G. § 2S1.1(a)(2). Section 2S1.1(a)(2) provides for a base offense level of 8 plus the number of offense levels from the table "corresponding to the value of the laundered funds."

The applicable commentary defines "laundered funds" as the funds "involved in the transaction . . . *in violation of 18 U.S.C. § 1956 or § 1957.*" U.S.S.G. § 2S1.1 cmt. n.1 (emphasis added). As we explained in defendants' first appeal, the government failed to prove a substantive violation of 18 U.S.C. § 1957 because the government could not trace any funds to fraudulent activity that occurred within the jurisdictional reach of the statute of conviction. *See Chao Fan Xu*, 706 F.3d at 992; *see also RJR Nabisco*, 136 S. Ct. at 2101 (holding that 18 U.S.C. § 1957 applies to some conduct outside the United States when "the defendant is a United States person" (quoting 18 U.S.C. § 1957(d)(2)). The government did not cure this deficiency at resentencing. Because the government failed to prove that any transactions occurred "in violation of . . . § 1957," the district court erred in increasing defendants' base offense levels using the $20 million in funds transferred to Las Vegas.

The government's attempt to rely on § 2S1.1 Application Note 3(B) is also unavailing. Note 3(B) only applies where "a transaction . . . *results in* the

5

commingling of legitimately derived funds with criminally derived funds." U.S.S.G. § 2S1.1 cmt. n.3(B) (emphasis added). The $20 million transferred to Las Vegas was previously commingled. On remand, the government did not show that any of the transactions were accomplished by U.S. persons. Therefore, the government did not show that the transactions that resulted in commingled funds were within the jurisdictional reach of the United States.

The government's reliance on the commentary to U.S.S.G. § 2E1.1 is equally unavailing. The government argues that the district court could "treat each underlying [predicate] offense as if contained in a separate count of conviction," U.S.S.G. § 2E1.1 cmt. n.1, and, in this way, sentence defendants as if they had committed a substantive 18 U.S.C. § 1957 violation. The government cites no binding authority in support of this argument. Nothing in the guidelines allows the district court to calculate defendants' base offense levels using the $20 million without satisfaction of 18 U.S.C. § 1957's tracing requirement.

The district court's findings are insufficient to support the government's alternative argument that the district court considered the $20 million under 18 U.S.C. § 3553. *See Rita v. United States*, 551 U.S. 338, 356 (2007) ("[T]he sentencing judge should set forth enough to satisfy the appellate court that he has

6

considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.").

3. Defendants argue that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) by insufficiently explaining its imposition of a two-level position-of-trust enhancement. Rule 32 applies only to factual objections. *See United States v. Petri*, 731 F.3d 833, 836 (9th Cir. 2013). Defendants do not argue that the district court inadequately explained its resolution of factual disputes, only that it inadequately explained the legal basis for the sentences. Defendants' legal arguments did not trigger the district court's fact-finding duties under Rule 32(i)(3)(B).

4. The district court ordered defendants to pay $7.8 million in restitution. In conspiracy cases, a district court may base restitution on a defendant's "criminal conduct in the course of the scheme, conspiracy, or pattern" of criminal activity. 18 U.S.C. §§ 3663, 3663A. For purposes of restitution orders in conspiracy cases, criminal conduct includes "related conduct for which [a defendant] was not convicted," but non-criminal conduct cannot serve as the basis of a restitution order. *See United States v. Lawrence*, 189 F.3d 838, 846-48 (9th Cir. 1999). We previously held that loss determinations using 18 U.S.C. § 1957 did not provide sufficient grounds for the district court's restitution order "given the . . . inability to

trace Defendants' fraudulent activity to actual . . . losses." *Chao Fan Xu*, 706 F.3d at 994. On remand, the district court did not expressly clarify what "criminal conduct" formed the basis of its restitution order. We remand for clarification regarding the legal basis of the restitution order.

**VACATED AND REMANDED.**