**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-30320 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00138-TOR-1 |
| v. | |
| MICHAEL JAMES PAUCKERT, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

Argued and Submitted December 6, 2016
Seattle, Washington

Before:  McKEOWN, TALLMAN, and CHRISTEN, Circuit Judges.

Michael Pauckert appeals his 144-month sentence for unlawfully possessing

a firearm, an explosive device, and materials for creating fraudulent identification

documents.  This is his second appeal.  As in his first appeal, Pauckert argues that

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the district court committed procedural and substantive errors. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    Pauckert argues that the district court committed significant procedural error by miscalculating the applicable Guidelines range. Pauckert did not object to the Guidelines calculation at his original sentencing or at resentencing, and the parties stipulated to his base offense level. We therefore review Pauckert's sentence for plain error. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016); *United States v. Guzman-Mata*, 579 F.3d 1065, 1068 (9th Cir. 2009).

In this appeal, the parties dispute whether the district court correctly calculated Pauckert's base offense level. A district court must correctly calculate the Guidelines range and use the recommendation as "the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). Pauckert, however, cites no authority requiring a district court independently to recalculate a defendant's base offense level where the parties have stipulated to it.

The district court also stated that it would impose an identical sentence in the event that it incorrectly calculated the Guidelines range. "A district court's mere statement that it would impose the same above-Guidelines sentence no matter what the correct calculation cannot, without more, insulate the sentence from

2

remand . . . ." *United States v. Munoz-Camarena*, 631 F.3d 1028, 1031 (9th Cir. 2011) (per curiam). "[A] one-size-fits-all explanation ordinarily does not suffice[,]" *id*., but "[t]here may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist" under plain error review, *Molina-Martinez*, 136 S. Ct. at 1346.

Here, the district court did much more than give "a one-size-fits-all explanation" that it would impose the same sentence even if the guidelines range were lower. The district court thoroughly articulated why the unique circumstances of this case justified a 144-month sentence based on 18 U.S.C. § 3553 factors. These unique circumstances included the nature of the offenses, Pauckert's criminal history, and the threat to the public. In light of the parties' stipulation and the district court's explanation of the sentence, Pauckert has failed to demonstrate plain error—*i.e.* that there is a "reasonable probability that but for the error [Pauckert] would have received a different sentence." *Id.* at 1341.

2. Pauckert argues that the district court violated this court's mandate by considering improper factors, such as Pauckert's intentions, in its § 3553 analysis. Pauckert misreads the prior disposition. The statements in the mandate upon which Pauckert relies relate to the district court's previous use of the hypothetical crime of attempted murder to calculate the Guidelines range, not what the district

3

court could consider in its § 3553 analysis. The district court did not violate our mandate.

3. Pauckert argues that his sentence is substantively unreasonable. We review for abuse of discretion. *Gall*, 552 U.S. at 51. Here, the evidence adduced at the sentencing hearing supports the district court's conclusion that Pauckert committed serious offenses. The government presented evidence that Pauckert may have prepared to commit even more serious offenses—such as targeting a parole officer and rape. The evidence showed that at the time of his arrest, Pauckert possessed a pipe bomb that had been shaved down on one side to weaken it, making it more likely to explode in the direction of the weakened side. Shrapnel was attached to the bomb on the weakened side, suggesting that someone had designed the bomb to target and kill an individual person. Forensic analysis of computers reported to belong to Pauckert revealed that someone had searched the home address of Pauckert's parole officer. Pauckert also possessed "rape kits" or "Go Bags" containing, among other things, condoms, a black ski mask, and two pairs of flex ties combined to make handcuffs. The district court did not abuse its discretion by concluding that the 144-month sentence was "sufficient, but not greater than necessary, to comply with the purposes set forth in" § 3553(a). *See* 18 U.S.C. § 3553(a).

4.	Pauckert's request to reassign the case to another district judge is denied as moot.

**AFFIRMED.**