**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FEB 21 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50195 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-02948-LAB |
| v. | |
| ROBERTO VILLARRUEL-QUINTANILLA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 14, 2017[**]

Before: GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Roberto Villarruel-Quintanilla appeals from the district court's judgment

and challenges the 72-month sentence imposed following his guilty-plea

conviction for conspiracy to import heroin, cocaine, and methamphetamine, in

violation of 21 U.S.C. §§ 952, 960, and 963, and 18 U.S.C. § 2. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Villarruel-Quintanilla argues that the district court erred in denying a minor role reduction to his base offense level under U.S.S.G. § 3B1.2(b). We decline to reach this claim because any error was harmless. Although the court rejected the parties' joint request for a minor role reduction, it explained that, even if it had granted a minor role reduction and started its sentencing analysis with the lower Guidelines range, it would have varied upwards and imposed a sentence of 72 months in light of the circumstances of the offense, particularly the large amount of drugs that Villarruel-Quintanilla conspired to import. *See* 18 U.S.C. § 3553(a). Under these circumstances, we conclude that any error in failing to grant the minor role reduction requested by Villarruel-Quintanilla was harmless. *See United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 n.5 (9th Cir. 2011) (harmless error may result where the district judge "acknowledges that the correct Guidelines range is in dispute and performs his analysis twice, beginning with both the correct and incorrect range").[1]

---

[1] Villarruel-Quintanilla contends that the government waived the argument that any error in denying minor role was harmless by not addressing it in its answering brief. We exercise our discretion to determine harmlessness sua sponte. *See United States v. Gonzales-Flores*, 418 F.3d 1093, 1100-01 (9th Cir. 2005).

In light of this conclusion, we do not reach Villarruel-Quintanilla's contention that his case should be assigned to a different judge on remand.

**AFFIRMED.**