**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50201 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02941-LAB |
| v. | |
| BLANCA L. AVILA-RESENDIZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted July 11, 2017[**]

Before:     CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Blanca L. Avila-Resendiz appeals from the district court's judgment and

challenges the 84-month concurrent sentences and 5-year concurrent terms of

supervised release imposed following her guilty-plea convictions for importation

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of methamphetamine and importation of cocaine, in violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

Avila-Resendiz contends that the district court misinterpreted the amended minor role Guideline, U.S.S.G. § 3B1.2, and relied on superseded precedent to deny the minor role adjustment.  To the contrary, the record reflects that the court properly considered and applied all of the factors enumerated in the amended commentary to the minor role Guideline.  *See* U.S.S.G. § 3B1.2 cmt. n.3(C); *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).  Moreover, Avila-Resendiz has not shown that the district court relied on *United States v. Hurtado*, 760 F.3d 1065 (9th Cir. 2014), or our precedent more generally, in a manner that is inconsistent with the amended minor role Guideline.  *See Quintero-Leyva*, 823 F.3d at 523 (because the factors listed in the amended Guideline are non-exhaustive, the court "may also consider other reasons for granting or denying a minor role reduction").  Therefore, the district court did not err in imposing the custodial sentence.

Avila-Resendiz also contends that the district court plainly erred by imposing a five-year term of supervised release.  The district court erroneously stated the statutory term for supervised release as "three [years] up to life."  *See* U.S.S.G. § 5C1.2 cmt. n.9 (if defendant is safety valve eligible, she is exempt from

the statutory minimum term of supervised release).  Accordingly, we reverse the district court's judgment and remand for resentencing as to the supervised release term.  *See United States v. Munoz-Camarena*, 631 F.3d 1028, 1030-31 (9th Cir. 2011).

**REVERSED.**