**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50183 |
| Plaintiff-Appellee, | D.C. No.<br>3:15-cr-00596-BEN-1 |
| v. | |
| ENRIQUETA NAVARRETE-ZAVALA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted August 10, 2017
Pasadena, California

Before:  REINHARDT, KOZINSKI, and CHRISTEN, Circuit Judges.

1.  The district court increased Navarrete-Zavala's sentence under U.S.S.G. § 2D1.1(b)(12) for maintaining a stash house.  *See* U.S.S.G. § 2D1.1(b)(12), cmt. n.17 (2015).  Under the circumstances of this case, the district court did not err by imposing this enhancement.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

2. Even if the district court mistakenly applied the enhancement from § 2S1.1(b)(2)(B) as a specific offense characteristic while calculating Navarrete-Zavala's sentence under the drug distribution guideline § 2D1.1, any error was harmless. *See United States v. Munoz-Camarena*, 631 F.3d 1028, 1030–31 (9th Cir. 2011); *United States v. Ali*, 620 F.3d 1062, 1074 (9th Cir. 2010). Had the district court calculated Navarrete-Zavala's Guidelines range in the manner she urges, it would have resulted in the same offense level used to calculate the Guidelines range. *See* U.S.S.G. § 3D1.3(b).

3. On the facts of this case, the district court abused its discretion by denying Navarrete-Zavala's request to seal the transcripts from her sentencing hearings and the parties' joint request to seal the government's sentencing memorandum. *See United States v. Doe*, 870 F.3d 991, 994 (9th Cir. 2017).

Navarrete-Zavala's sentence is AFFIRMED. The case is REMANDED for the district court to seal the government's sentencing memorandum and the transcripts from Navarrete-Zavala's sentencing hearings.