**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JOSE LUIS ROLDAN-GIL,<br><br>Defendant-Appellant. | No. 18-50166<br><br>D.C. No. 3:17-cr-02526-BEN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted February 19, 2019[**]

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Jose Luis Roldan-Gil appeals the district court's judgment and challenges the 36-month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Roldan-Gil contends that the district court procedurally erred by failing to explain the reasons for the sentence and its rejection of his deterrence arguments and request for three-level departure for diminished capacity under U.S.S.G. § 5K2.13. We review for harmless error, *see United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011), and conclude that the court did not err. The district court explained that it varied upwards 12 months because of Roldan-Gil's extensive immigration history, his lengthy criminal history, and the failure of a prior 80-month sentence for the same offense to deter him. Additionally, the record demonstrates that the district court considered Roldan-Gil's diminished capacity argument and treated his mental illness as a mitigating factor in its analysis of the 18 U.S.C. § 3553(a) sentencing factors. The record also demonstrates that the court considered Roldan-Gil's deterrence arguments and simply was not persuaded by them.

Roldan-Gil also contends that the sentence is substantively unreasonable in light of its finding that Roldan-Gil suffered from a mental illness. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances. *See id.* Contrary to Roldan-Gil's contention, the district court reasonably concluded that Roldan-Gil was a danger to the public based on the entirety of his criminal history,

18-50166

which included recent acts of violence in addition to his more remote criminal convictions.

**AFFIRMED.**