NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 28 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-10031 |
| Plaintiff-Appellee, | D.C. No.<br>3:08-cr-00022-LRH-WGC-1 |
| v. | |
| TERRANCE HOFUS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted August 14, 2020[**]
San Francisco, California

Before:  HAWKINS and CHRISTEN, Circuit Judges, and GRITZNER,[***] District
Judge.

Terrance Hofus appeals a 12-month sentence and several conditions of

supervised release imposed in revocation of supervised release proceedings.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

review the sentencing decision for abuse of discretion and other challenges for plain error. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc); *United States v. Bell*, 770 F.3d 1253, 1256 (9th Cir. 2014). We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and affirm in part, vacate in part, and remand.

Hofus first argues the district court committed procedural error in imposing Hofus's 12-month sentence without clearly specifying it used the correct Criminal History Category in arriving at that sentence. The record reflects that the probation office calculated Hofus's recommended sentence range of 8 to 14 months by using a Criminal History Category of VI instead of V. At sentencing, however, defense counsel alerted the district court to the discrepancy and that the appropriate guideline range was 7 to 13 months. On hearing this, the district court noted that its intended sentence was within that range and then proceeded to sentence Hofus at 12 months "in agreement with the recommendation from the probation department." The district court then announced various reasons to support the 12-month sentence, noting its history with the case and various attempts throughout the years at leniency. Given this record, we find any error in calculating Hofus's sentence harmless. *See United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011) (per curiam) (errors in calculating a defendant's Guidelines range are reviewed for harmless error); *see also Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016).

("There may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist. . . . The record in a case may show, for example, that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range."). We therefore affirm his sentence.

Hofus next challenges the imposition of a lifetime term of supervised release and four special conditions, which we review for plain error. *See Bell*, 770 F.3d at 1256. The Government concedes that Special Conditions 3 and 6 should be remanded but argues the district court did not plainly err otherwise. Following our recent decisions in *United States v. Lupold*, 806 F. App'x 522, 524 (9th Cir. 2020) and *United States v. Burleson*, No. 19-10262, 2020 WL 4218317, at *2 (9th Cir. July 23, 2020), we find the district court plainly erred in imposing Special Conditions 3 and 6, but not Special Condition 5 and Standard Condition 12. Specifically, Special Condition 3's phrase "that would compromise your sex-offense specific treatment" is vague; and Special Condition 6's requirements that Hofus must "warn any other people who use these computers that the computers may be subject to searches pursuant to this condition" and install monitoring software on any computer he uses are vague and overbroad. *See Lupold*, 806 F. App'x at 525–26. We vacate these conditions accordingly and remand to the district court to modify these conditions.

3

As to the lifetime term of supervised release, we find no plain error as the district court explained its necessity given Hofus's history of non-compliance. *See United States v. Hammons*, 558 F.3d 1100, 1103–05 (9th Cir. 2009).

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**.