NOT FOR PUBLICATION

**FILED**

AUG 22 2024

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50234 |
| Plaintiff-Appellee, | D.C. No. 3:21-cr-02868-AJB-1 |
| v. | |
| CODY EDWARD ROBLEDO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted August 12, 2024
Pasadena, California

Before: EBEL,** BADE, and FORREST, Circuit Judges.

Defendant Cody Robledo appeals the district court's refusal to apply a minor-role reduction at sentencing. *See* U.S.S.G. § 3B1.2(b). We have jurisdiction under 28 U.S.C. § 1291. Even if the district court erred in applying the legal standard that governs the minor-role reduction, *see United States v. Dominguez-Caicedo*, 40 F.4th

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

938, 960–62 (9th Cir. 2022), we nevertheless affirm because any error was harmless, *see United States v. Gonzalez-Flores*, 418 F.3d 1093, 1100 (9th Cir. 2005) ("[N]o interest is served—and substantial time and resources are wasted—by reversal in those unusual cases in which the harmlessness of any error is clear beyond serious debate and further proceedings are certain to replicate the original result.").

We have held that "harmless error review applies" to sentencing-calculation errors. *United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011) (per curiam). For example, a district court could impose a "within-Guidelines sentence," that "falls within both the incorrect and the correct Guidelines range and explain[] the chosen sentence adequately." *Id.* at 1030 n.5. An error is not harmless merely because a district court states that "it would impose the same above-Guidelines sentence no matter what the correct calculation." *Id.* at 1031. The district court "must explain, among other things, the reason for the *extent* of a variance." *Id.*

Here, Robledo's Guideline range without a minor-role reduction was 235 to 240 months (the statutory maximum). A minor-role reduction would have reduced Robledo's Guideline range to 151 to 188 months. *See* U.S.S.G. § 3B1.2(b) (two-level reduction for minor role); U.S.S.G. § 2D1.1(b)(5) (two-level enhancement for importing methamphetamine that does not apply to a defendant who qualifies for a minor role). The district court determined that a minor-role reduction was not warranted but also that the applicable Guideline range was "too high." It therefore

opted to "leave the [G]uidelines as they are, from a departure standpoint," and turn to "further" analysis of the "equities" in the case. After taking the § 3553(a) factors into consideration, the district court "var[ied] down as low as what would be an equivalent [offense] level 25," with a Guideline range of 110 to 137 months, and then sentenced Robledo to the floor of that range—110 months incarceration. Robledo therefore received a sentence that fell below the Guidelines range that would have applied even *with* the minor-role reduction.

In imposing its below-Guidelines sentence, the district court explained that it could not "justify going lower logically or on the tools that are given." That statement, combined with the reduced sentence imposed and detailed consideration of Robledo's background, clearly demonstrates it was the district court's judgment that a sentence reduced further below 110 months was not warranted. We conclude that this record establishes that any error the district court may have committed in its minor-role analysis was harmless because the district court adequately articulated the basis for its downward variance such that we are satisfied that denying the minor-role reduction did not materially impact Robledo's ultimate sentence.

**AFFIRMED.**