NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 18 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-1996 |
| Plaintiff - Appellee, | D.C. No. 2:22-cr-00306-DSF-1 |
| v. | |
| ANTHONY FRANK SCOVOTTO, AKA Franky Pisano, AKA frankypisano93, AKA frankypis, AKA Franky, AKA Frankie, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted February 12, 2026
Pasadena, California

Before: WARDLAW, BADE, and H.A. THOMAS, Circuit Judges.

Anthony Frank Scovotto pleaded guilty to attempting to produce child

pornography in violation of 18 U.S.C. § 2251(a), (e).  On appeal, he challenges his

sentence, arguing that the district court improperly calculated his Guidelines range

and that his sentence was substantively unreasonable.  We have jurisdiction under

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

1. Assuming the district court improperly calculated Scovotto's Guidelines range, any such error was harmless. "An error in calculating a criminal defendant's Guidelines range is subject to harmless-error review." *United States v. Prigan*, 8 F.4th 1115, 1122 (9th Cir. 2021). The district court explained that "the correct Guidelines range [wa]s in dispute" and calculated the Guidelines ranges under both the government's and Scovotto's calculations. *See United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 n.5 (9th Cir. 2011) (per curium). The imposed sentence was within the Guidelines range under Scovotto's calculations, and the district court explained its reasons for imposing that sentence adequately, noting that it would have imposed the same sentence even without grouping offenses under U.S.S.G. § 1B1.2(c).

2. The district court did not abuse its discretion in imposing a 360-month sentence. "The substantive reasonableness of a district court's sentence is reviewed for abuse of discretion." *United States v. Thompson*, 130 F.4th 1158, 1164 (9th Cir. 2025). We "should only vacate a sentence if the district court's decision not to impose a lesser sentence was 'illogical, implausible, or without support in inferences that may be drawn from the facts in the record.'" *United States v. Laurienti*, 731 F.3d 967, 976 (9th Cir. 2013) (quoting *United States v. Treadwell*, 593 F.3d 990, 1011 (9th Cir. 2010)). The district court adequately

explained its reasons for sentencing Scovotto to 360 months, and those reasons have support from the facts in the record.  Moreover, the 360-month sentence was within the Guidelines range under Scovotto's calculation, and within the mandatory minimum (300 months) and mandatory maximum (600 months) for the conviction.

**AFFIRMED**.